**William M. PAVLOV, Plaintiff,**

v.

**Albert K. MARTIN, Individually and as City Manager of the City of Newark, et al., Defendants.**

**Civ. A. No. 4661.**

United States District Court,
D. Delaware.

Sept. 6, 1974.

Sidney Balick, and Louis B. Ferrara, of Aerenson & Balick, Wilmington, Del., for plaintiff.

Peter Warren Green, Newark, Del., for defendants.

## OPINION

STEEL, Senior District Judge.

This is a civil rights action brought by plaintiff, Pavlov, formerly the Chief Engineer for the City of Newark, Delaware, against the City Manager, the Mayor and the Councilmen, in their official and individual capacities. All parties reside in Newark. The action arises out of plaintiff's dismissal allegedly without just cause or explanation and without a hearing by Martin, the City Manager, and the failure of the remaining defendants to take action to reinstate him. The complaint alleges that all of the defendants' acts were done under color of state law pursuant to customs and practices adopted by the City of Newark and resulted in the deprivation of plaintiff's substantive and procedural due process rights under the Fourteenth and Fifth Amendments of the Constitution of the United States. The complaint further alleges that the defendants breached plaintiff's employment agreement. As appears from the prayers of the complaint the matter in controversy, exclusive of interest and costs, exceeds $10,000. The case was tried without a jury. The complaint purports to allege a cause of action based upon a violation of 42 U.S.C. § 1983, or alternatively for breach of contract under state law. Jurisdiction exists under 28 U.S.C. §§ 1331(a) and 1343 and pendent jurisdiction.

*General Background*

Plaintiff had been employed as City Engineer of Newark since February 12, 1971. He possessed neither a contract nor tenure under either state or federal law. On April 13, 1973 defendant Martin, the City Manager, wrote plaintiff as follows:

"It is my unfortunate responsibility to inform you that as of June 15, 1973, your services will no longer be required with the City of Newark.

This letter will be held in the strictest confidence by me providing I have a letter of resignation from you by May 15th.

I do not intend to discuss this situation or to delineate the deficiencies in your performance which has led to this decision. It will suffice to say that my confidence in your ability to perform as City Engineer and Head of the Public Works Department has deteriorated to the point of no return.

I am giving you this opportunity to resign in order to protect both your integrity and your career. I would prefer to keep this matter between you and I only."

On May 14, 1973, Martin wrote plaintiff a "follow up" letter and said:

"As a follow up to my letter of April 13th, I am attaching a copy of your termination notice effective June 15, 1973.

By the powers granted to me in Section 2–105 of the Code of Ordinances, I am authorizing you to take the next 14 days, starting May 15th, off as commensurate time off for overtime worked.

Also by the powers granted to me in Section 2–111, I am scheduling your vacation to start on June 4th, which immediately proceeds the last compensatory day off, and ends on June 15th which is the date of your termination.

I am requesting that you immediately turn in to Mr. Pat MacQueen all properties belonging to the City and

that all of your personal effects be removed as soon as possible."

Attached to this letter was a termination notice effective June 15, 1973. It stated as reasons for plaintiff's termination "Incompetence—Specifically low productivity, missed deadlines, poor personnel administration, etc."

### Breach of Contract—All Defendants

■ Plaintiff's cause of action, as one alternative, is based upon alleged breach of contract. This must fail for the reason that plaintiff had no contract express or implied with the City or any of the defendants.

### Substantive Due Process
### Mayor and Councilmen

■ The theory on which the plaintiff seeks to establish liability on the part of the Mayor of Newark and its City Councilmen, either in their official or personal capacities, under the Civil Rights Act, 42 U.S.C. § 1983, is not clear. The Charter of the City of Newark in § 701.4(1) confers upon the City Manager the right to appoint, and when he deems it necessary for the good of the service, suspend or remove all city employees and appointive administrative officers subject to their rights after acquiring tenure following five or more years of service. Section 2–22 of the Code of Ordinances of the City of Newark is for present purposes to the same effect. Section 305 of the Charter provides that neither the Council nor any of its members shall in any manner dictate the appointment or removal of any city administrative officer or employee. Under these provisions the Mayor and City Councilmen were without power to discharge or reinstate the plaintiff, and were not responsible for his dismissal or for the failure of the City to reinstate him. Nothing in the record suggests that any of these defendants acted maliciously or in bad faith in any of their relationships with the plaintiff. No basis exists for imposing liability on them for having violated plaintiff's substantive due process rights.

### Procedural Due Process—All Defendants

Martin, the City Manager, notified plaintiff of the reasons which he was assigning for terminating plaintiff's appointment. Plaintiff was afforded no opportunity to be heard to disprove the facts before his employment ceased. Despite this he was not thereby denied procedural due process.

■ The requirements of procedural due process apply only to the deprivations of interests encompassed by the Fourteenth Amendment's protection of liberty and property. Board of Regents v. Roth, 408 U.S. 564, 569–570, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1971).

■ A teacher who is publicly employed without tenure, a formal contract, or a clearly implied promise of continued employment secures no interest in a continuation of his employment and hence is deprived of no property interest when his employment is terminated without a hearing. This is the plain import of *Roth,* pp. 576–578, 92 S.Ct. 2701. Although *Roth* was decided with reference to an action by a state agency in refusing to renew a contract with a teacher, the same principle applies when a state agency terminates a contract with a chief engineer. Plaintiff's claim that the failure of the defendants to accord him a pre-dismissal hearing violated a constitutionally protected property interest in his job must be rejected in the light of the *Roth* decision.

■ Nor do the circumstances under which plaintiff was dismissed constitute constitutional deprivation of his liberty. Martin made no charge against plaintiff that might seriously damage his standing and associations in the community. He did not base the dismissal on a charge of dishonesty or immorality, which *Roth* states would be grounds which would require a pre-dismissal hearing. The stated grounds for plaintiff's dismissal were "Incompetence—Specifically low productivity, missed deadlines, poor personnel administration, etc." This did not sully plaintiff's good name, reputation, honor, integrity, or

impose upon him any other stigma which foreclosed his freedom to take another position. Had it done so, notice and an opportunity to be heard would have been essential so as to accord him an opportunity to refute the charge; but such was not the case.

The only time Martin talked to a prospective employer of plaintiff after plaintiff was discharged was when Mary Ann Simpson of the Personnel Department of Brand Snyder Real Estate telephoned and inquired about plaintiff. Martin said his dismissal was because of "incompetence" and that he had sued the City for $100,000. This was well outside the "stigma" area which *Roth* held to be such a hazard to reemployment as to constitute an unconstitutional interference with one's liberty. Far more damaging grounds of dismissal have been held not to amount to a deprivation of an employee's constitutional due process rights. Russell v. Hodges, 470 F.2d 212 (2nd Cir. 1972) ("sleeping on duty, absent from his post without authorization, and wearing improper attire."); Tichon v. Harder, 438 F.2d 1396 (2nd Cir. 1971) ("the quality of work and her judgment 'unsatisfactory.'")

As purported evidence of the restrictions which his dismissal has had upon his future, plaintiff points out that he contacted some 55 concerns in attempting to obtain employment, all without success. When he was asked whether he had been requested to resign or had been forced to resign his position, or the equivalent, as Chief Engineer of Newark, he stated that although he had been asked to tender his resignation he had not done so and was terminated. He added that he had "petitioned" the United States District Court for relief against his dismissal and was expecting a hearing to remedy the situation. (R 552). Having voluntarily disclosed that he had brought suit against the City for dismissing him, except in the one instance where Martin had said as

much to Miss Simpson, employers having a potential interest in hiring plaintiff understandably were not inclined to do so.

The discharge of plaintiff did not result in the violation of any of his Fourteenth Amendment procedural due process rights.

### Substantive Due Process—Martin

■■ *Roth,* of course, involved the violation of procedural due process. Its reasoning, however, is equally applicable to substantive due process. A person's constitutional right to substantive due process is not greater than it is to procedural due process. Two unreported cases in this district, Mathias v. New Castle County Vocational Technical School District, C.A. No. 4073, decided by Judge Stapleton on August 31, 1972 (fn. p. 16) and Schell v. Board of Trustees of the Delaware Technical and Community College, C.A. No. 4673, decided by then Chief Judge Wright on July 31, 1973 (fn. 19 at p. 44) reveal a disposition to view the tests of procedural and substantive due process deprivation to be identical. This is true even if the discharge from employment is arbitrary and capricious and wholly without any basis in fact. Jeffries v. Turkey Run Consolidated School District, 492 F.2d 1 (7th Cir. 1974). Whatever rights plaintiff may have under state law because of his dismissal, and regardless of how unfair it may have been (as matter not decided), substantive due process under federal law provides no basis for relief unless there was a deprivation of his liberty or property. As indicated previously, plaintiff's discharge deprived him of neither his liberty nor his property.

### Conclusion

The plaintiff has failed to sustain his burden of proving that his due process rights under 42 U.S.C. § 1983 or the common law have been violated and for this reason the action will be dismissed.