DELAWARE STATE TROOPERS LODGE, FRATERNAL ORDER OF PO-LICE, LODGE # 6, Plaintiff,

v.

William O'ROURKE, Secretary of the Department of Public Safety; Col. Norman V. Cochran, Superintendent of State Police of the State of Delaware, Defendants.

Court of Chancery of Delaware,
New Castle County.

Submitted April 24, 1979.

Decided May 31, 1979.

David R. Hodas of Potter & Carmine, Wilmington, for plaintiff.

Charles M. Gruver, III, Deputy Atty. Gen., Department of Justice, Wilmington, for defendants.

BROWN, Vice Chancellor.

In this action the defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim against them upon which relief can be granted. The defendant O'Rourke is the Secretary of the Department of Public Safety of the State of Delaware and the defendant Cochran is the Superintendent of the Delaware State Police.[*] They are sued in their official capacities by the Delaware State Troopers Lodge, Fraternal Order of Police, Lodge # 6 (hereafter "F.O.P. # 6").

---

[*] At the time of the filing of the suit the Superintendent of the Delaware State Police who was named as a party defendant was Col. Irvin B. Smith. Col. Smith has since retired and has been succeeded by Col. Cochran.

For the purpose of a Rule 12(b)(6) motion all well-pleaded allegations of the complaint must be accepted as true. *Danby v. Osteopathic Hospital Association,* 34 Del.Ch. 172, 101 A.2d 308 (1953), aff'd, 34 Del.Ch. 427, 104 A.2d 903 (1954). A complaint should not be dismissed upon such a motion unless it appears to a certainty that under no set of facts which could be proved to support the claim would the plaintiff be entitled to relief. *Morgan v. Wells,* 32 Del.Ch. 108, 80 A.2d 504 (1951). The complaint must be viewed in the light most favorable to the plaintiff, *Penn Mart Realty Co. v. Becker,* Del.Ch., 298 A.2d 349 (1972), and all inferences must be accepted which favor the sufficiency of the complaint. *Vale v. Atlantic Coast And Inland Corp.,* 34 Del.Ch. 50, 99 A.2d 396 (1953). Based upon these well-established principles, I reach the following findings and conclusions in light of the allegations of the complaint.

The plaintiff F.O.P. # 6, pursuant to 19 *Del.C.* § 1301, is the exclusive bargaining representative for all officers of the Delaware State Police, excluding the rank of Colonel and Lieutenant Colonel. F.O.P. # 6 brings this action in its capacity as bargaining representative and, allegedly, on behalf of the entire membership of the Delaware State Police. The critical paragraph of the complaint against which the motion to dismiss is directed is Paragraph 3, which reads as follows:

"At the time of appointment, i. e., initial hiring all State Police officers have the reasonable expectation that they will retain employment, on good behavior, until attaining retirement after a period of 20 years service or qualifying disability. All State Police officers upon becoming members of the Delaware State Police have the reasonable expectation of achieving advancement and promotion through the ranks based upon their general competence and industry and upon some equitable method fairly applied to select candidates for promotion."

The complaint goes on to allege that during the period of August 1, 1977 through November 30, 1977 the defendants devised and initiated a promotional test program designed to determine those officers qualified for various promotions within the ranks of the State Police. It is alleged that this program rated officers in four separate categories, with 40 per cent weight being given to a written examination, 40 per cent weight being given to a performance evaluation made over the four-month period by each officer's superior, 10 per cent weight being given to education and training, and 10 per cent weight to seniority. The results of this 1977 program were to govern promotions to be made in February 1978 as well as in May 1979.

The complaint goes on to allege that the test results achieved by this program were arbitrary, capricious and unreasonable in that the performance evaluation portion of the program established no guidelines or job descriptions against which performance could be fairly measured, that evaluators were given no standard as to what was average, above average or below average, and that some evaluators were given instructions on methods to apply in scoring candidates while others were not. In addition, the complaint alleges various arbitrary and capricious actions and lack of uniformity in the manner in which the four-month program was actually administered. The complaint concludes with the charge that unless an injunction is entered "restraining the effectuation of the unfair, arbitrary, capricious and haphazard promotional system, members of the Delaware State Police and those represented by the plaintiff will be affected in their reasonable expectations and careers as a result of the arbitrary, capricious and haphazard application of a promotional system . . . ."

For the purpose of the defendants' Rule 12(b)(6) motion it must be accepted as true that the promotional evaluation program itself, as well as the manner in which test results were obtained, can be shown to fall within the classification of arbitrary and capricious governmental action. But the motion further asks whether this assumption is of any consequence since it is the position of the defendants that F.O.P. # 6

has alleged no facts which would establish, if proven, that State Police officers have a reasonable expectation of promotion protected by the Due Process Clause of the Fourteenth Amendment. In short, F.O.P. # 6 premises its complaint on the alleged existence of a "property interest" in State employment which it feels the challenged promotional program has violated. The defendants take the position that there is no property interest in promotional expectations within the ranks of the Delaware State Police.

Any examination into the possible existence of a constitutionally protected property interest must begin with the decisions of the United States Supreme Court in *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In *Roth* the Supreme Court stated as follows concerning the concept of a property interest in public employment:

> "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. These interests—property interests—may take many forms.
>
>      *     *     *     *     *     *
>
> "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. *He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.* It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims." 408 U.S. 576, 577, 92 S.Ct. 2708, 2709. (Emphasis added.)

The Court went on to explain the meaning of a "legitimate claim of entitlement" at 408 U.S. 577, 92 S.Ct. 2709:

> "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."

In the companion case of *Perry v. Sindermann, supra,* the Court stated as follows at 408 U.S. 601, 92 S.Ct. 2699:

> "We have made clear in *Roth, supra,* [408 U.S.] at 577, 92 S.Ct., at 2709, that 'property' interests subject to procedural due process protection are not limited by a few rigid, technical forms. Rather, 'property' denotes a broad range of interests that are secured by 'existing rules or understandings.' Id., at 577, 92 S.Ct., at 2709. A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing."

In the subsequent case of *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976) the Supreme Court made the following statement:

> "A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law."

*Roth* held that a nontenured teacher with a definite one-year contract had no property interest which guaranteed him a right to continued employment. In *Perry v. Sindermann* it was held that a teacher might have a legitimate entitlement to continued employment, even in the absence of a formal tenure program, where a general understanding prevailed at his employing institution that a teacher would not be terminated without cause. In *Bishop*, a police officer was found to have no property interest in continued employment where the ordinance under which he was hired was interpreted under state law to mean that he held his position at the will and pleasure of his employer.

These decisions clearly seem to indicate that the existence of a protected property interest in public employment must be determined on the facts of each case, and that in each case the entitlement or benefit must derive from some statute, ordinance, regulation or contract, either express or implied, or a combination thereof, as interpreted under the law of the state involved. Applying these principles to the present matter, the following appears.

The complaint here does not rely on any statute of the State which purports to govern the standards for promotion within the Delaware State Police. In fact, no such statute exists. Nor does the complaint rely upon any departmental rules and regulations within the Department of Public Safety which could be said to guarantee rights concerning promotions. Moreover, 29 *Del.C.* § 5903(18) specifically excludes all employees and members of the Delaware State Police from the coverage and protection of the State merit system. Thus, the only thing upon which F.O.P. # 6 can rely (and on which it does rely in its arguments) is the collective bargaining agreement under which it purports to bring this suit. Even here, the collective bargaining agreement provides that the management of the Division of State Police and the direction of all personnel, including among other things the right to promote, "is vested exclusively in the Superintendent."

In short, the complaint alleges no factual matters whatever from which it might be concluded under the *Roth, Sindermann* and *Bishop* standard that a legitimate entitlement to promotions through the ranks has in some manner been conferred upon the members of the Delaware State Police represented by F.O.P. # 6.

An argument is made by F.O.P. # 6 that another provision of the collective bargaining agreement which deals with the "Maintenance of Standards" provides that implied contractual catalyst which, under *Roth* and its progeny, is sufficient to transfer responsibility for establishing the standards for promotion from the Department of Public Safety and the Superintendent of the State Police to the Courts. In general, the agreement provides that the parties to the collective bargaining agreement will not eliminate "any benefits presently conferred uniformly" throughout the Division of State Police. For purposes of the collective bargaining agreement, a "benefit" is defined as

". . . any established practice or procedure, the primary intent of which is to better the working conditions of the individual members, rather than to enhance the operational efficiency of the Division."

It is further provided in the collective bargaining agreement that

". . . any action by the Governor or the General Assembly providing for more liberal benefits than those listed herein shall supercede any similar benefit provided for in this AGREEMENT."

Thus, the argument runs, since the defendants are the agents of the Governor, the voluntary initiation of the four-month promotional test evaluation program has amended the collective bargaining agreement by attempting to add a new benefit in the form of a promotion system based strictly upon merit, thus giving to the membership of F.O.P. # 6 a legitimate entitlement to have the promotional system designed and applied in a nonarbitrary manner. In other words, it is suggested that by voluntarily attempting to do that which they were under no legal or contractual obligation to do, the defendants have inadvertently amended the collective bargaining agreement and created a property interest in a right to promotion which must now be reviewed and protected by the Courts. This argument is certainly less than persuasive.

In the first place, I think that it is obviously an afterthought since there is no reference to it in the complaint. Secondly, it is a boot-strap approach, pure and simple. But more importantly, it is based upon a contractual definition which defines a "benefit" as something intended to benefit the working conditions of the individual members of the State Police rather than something designed to enhance the operational

efficiency of the State Police as a unit. There is nothing in the complaint from which I could draw the inference that in initiating the promotional evaluation program the defendants intended to place the individual employment rights of each member of the State Police ahead of the operational efficiency of the entire Division.

Finally, F.O.P. # 6 places great reliance on two decisions of the Delaware United States District Court. However, I find these cases to be distinguishable. In *Johnson v. Cain*, C.A. 4543 (D.Del.Jan.1973) the plaintiff was covered by the State merit system and based his claim on Due Process rights flowing therefrom. In *Connell v. City of Wilmington*, No. 76–182 (D.Del.May 1977) an attack was made on a promotional plan adopted to govern promotions within the Wilmington Bureau of Fire. The plan bore some similarity to the program initiated by the defendants here. However, the decision in *Connell* that a property interest existed in the manner of granting promotions was based on the fact that the Wilmington City Charter required that all promotions of its employees be based upon merit and fitness as determined by examination, that a City ordinance provided that rules and regulations adopted to govern the Bureau of Fire would constitute the personnel rules for the uniformed members of the Bureau, and that pursuant to that ordinance the Chief of Fire had issued a regulation establishing the promotion procedures for the Bureau, the impartial application of which was being challenged by the suit. Thus, in both *Johnson v. Cain* and *Connell* there was a State statute, as well as governmental action in the form of rules and regulations taken pursuant thereto, which created employment rights in promotions which mandated the protection of Due Process. No such statute or combination of statutes, ordinances, regulations, etc. are either alleged or involved in this action.

In summary, the United States Supreme Court has established by the decisions quoted previously herein that the existence of a property interest in public employment cognizable under the Due Process Clause depends on whether state law has affirmatively created an expectation that a particular employment relationship will continue. Compare, *Confederation of Police v. City of Chicago*, 7th Cir., 547 F.2d 375 (1977). The complaint here alleges nothing from which such an expectation in a right to promotion could reasonably be inferred.

As stated by Mr. Justice Stevens in *Bishop v. Wood*, supra, at 426 U.S. 349, 96 S.Ct. 2080:

"The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions."

I see no reason why this Court should subscribe to any differing view.

The complaint will be dismissed for failure to state a claim upon which relief can be granted. Order on notice.