Joseph M. SKOMORUCHA, Plaintiff,

v.

WILMINGTON HOUSING AUTHORITY and Earl Phillips, Defendants.

Civ. A. No. 80–447.

United States District Court,
D. Delaware.

Oct. 30, 1980.

Bayard Marin and Bruce L. Hudson, of Marin & Hudson, Wilmington, Del., for plaintiff.

Clifford B. Hearn, Jr., Wilmington, Del., for defendants.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

In this action, plaintiff Joseph Skomorucha alleges that the defendants, the Wilmington Housing Authority ("Housing Authority") and its Executive Director, Earl Phillips, violated his rights under the United States Constitution and the Civil Rights Act of 1964, by terminating his employment with the Housing Authority. Plaintiff, formerly the Comptroller and Treasurer of the Housing Authority, seeks reinstatement and damages. Defendants have moved to dismiss the suit for failure to state a claim on which relief can be granted. In view of the parties' submissions of affidavits, this motion will be treated as one for partial summary judgment. *See* Rule 12(b), F.R. Civ.P.

*Factual Background*

The uncontroverted facts are as follows. Plaintiff was employed as Comptroller of the Housing Authority on July 23, 1979. The same day, the Housing Authority's Board of Commissioners elected him to the office of Treasurer, an unsalaried positio. Unlike the Treasurer, who is not considered a Housing Authority employee, the Comptroller is a non-union, management level employee. The Comptroller serves without formal tenure. Plaintiff was discharged as Comptroller by his supervisor, defendant Phillips, on August 22, 1980. The Board of Commissioners replaced plaintiff as Treasurer a few days thereafter. Plaintiff is white, and of Polish descent; defendant Phillips is black, as are the individuals who replaced plaintiff as Comptroller and Treasurer. Plaintiff immediately requested a

post-termination hearing before the Executive Director, as provided for in the grievance procedure set out in the Housing Authority's "Personnel Policy." On September 3, a hearing was held at which defendant Phillips acted as both hearing officer and complaining witness. Plaintiff was not permitted to cross-examine Phillips at the hearing. Following the hearing, Phillips affirmed his original decision to discharge plaintiff, and plaintiff filed this lawsuit. Subsequently, the Board of Commissioners granted him a hearing on his appeal. Under the regulations, the Board must rule within thirty days after the hearing.[1]

Plaintiff alleges that he was discharged on the basis of his race and national origin, and that his termination violated his Fourteenth Amendment right to equal protection and his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Plaintiff also alleges that the manner of his termination failed to satisfy the due process requirements of the Fourteenth Amendment. Finally, plaintiff contends that the discharge violated his First Amendment rights. Plaintiff brings suit under 42 U.S.C. § 1983 and Title VII.

Defendants move to dismiss the suit on a number of grounds. They contend: a) that plaintiff's allegations are pleaded in such a vague and conclusory manner as to warrant dismissal of the action; b) that plaintiff's Title VII and § 1983 claims should both be dismissed for failure to exhaust administrative remedies; c) that plaintiff had no property or liberty interest in continued employment, and that the due process claim should therefore be dismissed; d) that the Housing Authority is immune from suit under § 1983; and e) that defendant Phillips is immune from suit in an individual capacity, in the absence of allegations of bad faith. These various grounds for the motion to dismiss will be considered in turn.

## I. *Specificity in Pleading*

In a complaint, the plaintiff is required to set out only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 F.R.Civ.P. The Third Circuit has, however, set a more stringent standard for civil rights complaints, requiring that they set forth with specificity each defendant's alleged violations of the plaintiff's civil rights. *See, e. g., Negrich v. Hohn*, 379 F.2d 213 (3d Cir. 1967). The purpose of this rule is to permit the Court to dispose of frivolous cases prior to discovery and trial. *See Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3d Cir. 1976).

■ Defendants contend that the complaint in this case fails to set out the alleged violations of the First and Fourteenth Amendments with the requisite specificity. The first count of the complaint alleges simply that,

> The actions of defendants, and each of them, violated the First Amendment to the United States Constitution in that the actions were intended to and did, in fact, punish plaintiff, Mr. Joseph M. Skomorucha, for the exercise of his freedoms of speech, association, and inquiry.

The complaint does not state how plaintiff exercised or sought to exercise "his freedoms of speech, association and inquiry." It is clear, under the Third Circuit's decision in *Rotolo, supra*, that this allegation does not satisfy the specificity requirement. Accordingly, plaintiff is granted leave to amend within ten days; should he fail to do so, defendants' motion to dismiss the first count is granted.

■ With regard to the third count, which alleges violations of due process and equal protection, defendants' motion is denied. While the count may not be artfully drawn, it does state that defendants discharged plaintiff without a pre-termination hearing, on the basis of "unlawful and irrelevant criteria," specified elsewhere in the complaint as race and national origin. *See* ¶ 13 of Amended Complaint. In conjunction with the complaint's other factual allegations as to the discharge, the count af-

---

1. At the time of oral argument, the Court was informed that the Board had not yet rendered a decision, and the Court has not been informed otherwise as of the filing of this Opinion.

fords defendants adequate notice as to the claims and satisfies the specificity requirement. *See Hall v. Pennsylvania State Police*, 570 F.2d 86 (3d Cir. 1978).

## II. *Exhaustion of Remedies*

■ Defendants contend that plaintiff is required to exhaust his administrative remedies in connection with both the Title VII claim and the § 1983 claims before a federal court will exercise jurisdiction. Turning first to the Title VII claim, the courts have consistently enforced the statutory requirement that would-be litigants pursue administrative remedies, *see* 42 U.S.C. § 2000e–5, prior to filing suit. *See, e. g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). The statute requires that the aggrieved party file charges first with a state or local authority, and then with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(c), (e). Only if conciliation is unsuccessful does the aggrieved party have a right to sue. *Id.* § 2000e–5(f)(1). Though these requirements should not be interpreted in a hypertechnical fashion, they should be enforced in a way that ensures that conciliation is attempted before litigation begins. *See Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976), *cert. denied*, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977).

■ Plaintiff has not met the statutory prerequisites for suing on a Title VII claim. Since filing the lawsuit, plaintiff has filed charges with the EEOC; that is, however, only one of the statutory requirements. Judicial intervention at this stage would frustrate the administrative process only recently set in motion. Plaintiff offers no support for his contention that a court should hear an unripe Title VII claim in conjunction with a ripe § 1983 claim where they are based on common facts. Indeed, one of the principal cases cited by plaintiff indicates that a court should, upon the defendant's motion, dismiss a Title VII claim in a suit filed before the plaintiff exhausts his remedies, even though the action also sets out a § 1983 claim. *Black Musicians of Pitts-*

*burgh v. Local 60–471, American Federation of Musicians, AFL–CIO*, 375 F.Supp. 902, 906–07 (W.D.Pa.1974). Defendants' motion to dismiss the Title VII Claim is granted.

■ With regard to the § 1983 claim, it is settled law in this Circuit that a plaintiff need not exhaust state administrative remedies before bringing a § 1983 suit in federal court. *See, e. g., United States ex rel. Ricketts v. Lightcap*, 567 F.2d 1226, 1229 (3d Cir. 1977); *O'Brien v. Galloway*, 362 F.Supp. 901, 906 (D.Del.1973). Because it was not necessary for plaintiff to have completed the Housing Authority grievance procedure prior to filing suit, the motion to dismiss the § 1983 claim on exhaustion grounds is denied.

## III. *Plaintiff's Property Interest in Employment*

Defendants suggest that plaintiff's due process claim must be dismissed because plaintiff had neither a property interest nor a liberty interest in continued employment with the Housing Authority. The point of departure in analyzing property interests in public employment is *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). In *Bishop*, the Supreme Court stated: "A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." *Id.* at 344, 96 S.Ct. at 2077. The Delaware Legislature has not delineated the public employee's interest in continued employment, unlike the Pennsylvania Legislature, *see Covert v. Redevelopment Authority*, 447 F.Supp. 270 (M.D.Pa.1978). Moreover, there is no state decisional law on point. In *Delaware State Troopers Lodge v. O'Rourke*, 403 A.2d 1109 (Del.Ch. 1979), the State Court held only that the relevant statutes and departmental regulations guarantee policemen no rights concerning promotions.

There is, however, federal case law on point. In *Aiello v. City of Wilmington*, 426 F.Supp. 1272 (D.Del.1976), Judge Schwartz

held that a fireman had a property interest in continued employment where, after an initial probationary period, he could only be dismissed for cause, and the specified causes for discharge were not so "nebulous" as to permit his termination at the Bureau's "will and pleasure." *Id.* at 1286.

A section entitled "Dismissal For Cause" in the Housing Authority's "Personnel Policy" provides that "[a]n employee who gives unsatisfactory service or who is guilty of violating Authority rules and regulations shall be subject to dismissal." The rules and regulations list a number of offenses that may be punished by immediate discharge. Though neither the "Personnel Policy" nor the regulations specify what constitutes "unsatisfactory service," the clear implication of the section heading is that a non-probationary employee can be dismissed only for cause. Moreover, the listing of offenses in the regulations strongly suggests that Housing Authority employees do not serve at the "will and pleasure" of the Authority. The Court concludes, therefore, that plaintiff had a property interest in continued employment.

This conclusion finds support in this Court's decision in *Hawkins v. Board of Public Education,* 468 F.Supp. 201 (D.Del. 1979). The plaintiff in *Hawkins* challenged his discharge from the school system as violative of his right to due process. This Court held that where it was the public employer's practice not to dismiss an employee except for cause, the employee has a property right which triggers the constitutional requirements of due process. *Id.* at 205. This Court's holding in *Pavlov v. Martin,* 381 F.Supp. 707 (D.Del.1974), that the Newark Chief Engineer had no property interest in his job, can be distinguished on the ground that there was no regulation providing for dismissal only for cause.

In light of this Court's conclusion that plaintiff has a property interest, it is not

necessary to reach the liberty interest issue. Defendants' motion to dismiss plaintiff's due process claim is denied.

## IV. § 1983 and Immunity to Suit

Defendants contend that the Housing Authority is a state agency and is therefore immune from suit under § 1983.[2] A state and its agencies are not "persons" within the terms of § 1983. *See United States ex rel. Gittlemacker v. County of Philadelphia,* 413 F.2d 84 (3d Cir. 1969), *cert. denied,* 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970).

The Housing Authority's argument that it is immune must be rejected on several grounds. First, and most importantly, the Delaware Supreme Court has held that the Legislature "intended a complete waiver of immunity with respect to Housing Authorities." *Wilmington Housing Authority v. Williamson,* 228 A.2d 782, 788 (Del.1967) (emphasis added).

Moreover, the *Williamson* decision is strongly supported by policy considerations, in the context of § 1983. In determining whether an independent agency is suable under § 1983, the critical factors are "whether the agency performs a governmental function, the degree to which it exercises powers and operates free from state or local control, its source of funding, its status under state or local law, and whether any ultimate judgment will be paid from the funds of the governmental entity." Developments in the Law—Section 1983 and Federalism, 90 *Harv.L.Rev.* 1133, 1194 n.35 (1977). *Cf. King v. Caesar Rodney School District,* 396 F.Supp. 423 (D.Del. 1975) (factors bearing on agencies' Eleventh Amendment immunity). On these criteria, the Housing Authority is clearly not an *alter ego* of the State. Created by statute as a public corporation, the Housing Authority receives no funds from the State,

---

**2.** Section 1983 provides, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the depriva-

tion of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress."

and operates only in a limited geographical area. Pursuant to a 1974 Amendment, its Commissioners are all appointed by the Mayor; the Governor no longer appoints half. *See* 31 *Del.C.* § 4304. The Housing Authority can own property, borrow funds (subject to certain restrictions), enter into contracts, and sue and be sued. *Id.* § 4308(a). Its creditors have recourse only against the Housing Authority. *Id.* § 4314. These considerations compel the conclusion that, for purposes of suit under § 1983, the Housing Authority is not a state agency.[3] *Cf. Holmes v. New York City Housing Authority*, 398 F.2d 262 (2d Cir. 1968) (New York City Housing Authority suable under § 1983). Defendants' motion to dismiss the § 1983 claim against the Housing Authority is denied.

V. *Good Faith Immunity*

■ Finally, defendants move to dismiss the § 1983 claim against Phillips in his individual capacity on the ground that he is immune from suit if bad faith is not alleged. The motion fails because the good faith immunity available to officials in § 1983 actions must be pleaded as an affirmative defense. The defendant has the burden of proving that "he acted without malicious intention . . . and that he did not know and reasonably need not have known that his conduct violated the constitutional rights of the party affected." *Aumiller v. University of Delaware*, 434 F.Supp. 1273, 1307 (D.Del.1977); *accord, Skehan v. Board of Trustees of Bloomsburg State College*, 538 F.2d 53, 61–62 (3d Cir.), *cert. denied*, 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 588 (1976). Plaintiff thus was not required to make any allegations as to Phillips' motives or knowledge. Defendants' motion to dismiss the § 1983 claim against Phillips is denied.

So Ordered.

See also, D.C., 504 F.Supp. 831.

---

**3.** Independent agencies are treated as state agencies for some purposes and not for others. *Compare* Advisory Opinion of Deputy Attorney General (June 5, 1980) (Housing Authority is state agency for purposes of collective bargaining), *with* Attorney-General's Opinion No. 79–

F013 (not a state agency for purposes of Justice Department representation). Just as those Opinions are not mutually inconsistent, the Court's ruling in this case is not inconsistent with either.