**Jahn B. HITCHENS, Plaintiff,**

v.

**Robert YONKER, Douglas Hancock, John Dillman, Gerald W. Pepper, Allen Ellingsworth, individually and in their official capacities as employees of the Delaware State Police, Defendants.**

Civil Action No. 95–209–JJF.

United States District Court, D. Delaware.

Oct. 18, 1996.

Scott E. Chambers, of Schmittinger & Rodriguez, P.A., Wilmington, DE, for Plaintiff.

Jeffrey M. Taschner, Deputy Attorney General, Wilmington, DE, for Defendants.

## MEMORANDUM OPINION

FARNAN, Chief Judge.

Plaintiff Jahn B. Hitchens, a Delaware State Trooper, brought this civil rights action against his immediate supervisor, Lieutenant Robert Yonker, the Unit Supervisor/Section Chief, Captain Douglas Hancock, the Director of Personnel, John Dillman, Major Gerald Pepper, and Superintendent of the Delaware State Police, Colonel Allen Ellingsworth. Primarily, Trooper Hitchens contends that he was deprived of a property interest without due process of law in violation of 42 U.S.C. § 1983. Presently before the Court, is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). Trooper Hitchens opposes the Motion and asks the Court to consider matters outside of the pleadings. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will consider the additional matters and will treat the Motion as one for Summary Judgment in accord with Federal Rule of Civil Procedure 56.

## FACTUAL BACKGROUND

In September of 1992, at the request of Defendant Pepper, Trooper Hitchens was transferred from Troop 3 in Dover, Delaware to a special unit within the Delaware State Police, commonly referred to as the "Truck Enforcement Unit." However, prior to reporting to this unit, Defendant Pepper transferred Trooper Hitchens to another special unit known as the "Motor Carrier Safety Assistance Program (MCSAP)." The dispute in this case centers around an evaluation Trooper Hitchens received during his assignment to this unit.

On May 5, 1993, Defendant Yonker completed a semi-annual departmental performance evaluation of Trooper Hitchens, which covered Trooper Hitchens' performance during the period of November 1992 through March of 1993. Then, Defendant Yonker reviewed and approved this evaluation. During this time, Trooper Hitchens was transferred from MCSAP to Troop 9. As a result, Defendant Yonker went to Trooper Hitchens' newly assigned post to present him with his evaluation.

Although Trooper Hitchens received no scores which were below the standard range, Trooper Hitchens was displeased with the evaluation. Believing that the evaluation contained derogatory information, that his numerical scores were unjustly low in comparison to other evaluations he had received, and that Defendant Yonker failed to follow the evaluation procedures described in the Delaware State Police Officer's Performance Appraisal Manual (the "Manual"), Trooper Hitchens appealed his evaluation in accord with the method outlined in the Manual. In his appeal, Trooper Hitchens requested that his scores be adjusted or, in the alternative, that the evaluation be removed from his personnel file.

At a hearing before Defendant Hancock on July 14, 1993, Defendant Hancock raised Trooper Hitchens' scores a total of 18 points or nine percent. However, Defendant Hancock did not address the written remarks on the evaluation. Moreover, Defendant Hancock denied Trooper Hitchens' request to remove the evaluation from his file.

Displeased with the modified evaluation and the hearing, Trooper Hitchens sought further appeals from Defendant Dillman, Defendant Pepper and Defendant Ellingsworth. However, each of these Defendants informed Trooper Hitchens that the appellate process provided for in the Manual had been exhausted, but that Trooper Hitchens could place a written statement of his objections to the evaluation in his personnel file. Trooper

Hitchens did not pursue this option, but filed this lawsuit instead.

Trooper Hitchens' contentions before the Court are two-fold. First, Trooper Hitchens contends that he has a constitutionally protected property interest in a fair and impartial performance evaluation. (D.I. 23). Trooper Hitchens further alleges that his substandard evaluation impedes his continued employment with the Delaware State Police by impairing his ability to compete for other assignments, transfers and promotions. In particular, Trooper Hitchens claims he was denied a transfer into the aviation section, the Fatal Accident Investigation and Reconstruction Team, and denied a promotion to the rank of Sergeant. (D.I. 23; D.I. 24, Appendix B, Plaintiff's Affidavit). In response, Defendants assert that despite these personnel decisions, Trooper Hitchens is still employed by the Delaware State Police and eligible for transfers, assignments and promotions.

Second, Trooper Hitchens contends that he was deprived of his alleged property interest without due process. Specifically, Trooper Hitchens alleges that: (1) Defendant Yonker failed to follow the procedure for evaluations set forth in the Manual, (2) his evaluation was not based on any facts and was the product of his supervisor's personal animus toward him, (3) Defendant Hancock was not impartial and (4) Defendants Pepper, Dillman and Ellingsworth ratified the deprivation by failing to grant him a further appeal.

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the District Court does not decide issues of fact, rather the Court's role is to determine whether any genuine issue of material fact exists. *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981).

As a threshold matter, before the Court can consider Trooper Hitchens' claim that he was denied due process, Trooper Hitchens must first allege that he has a constitutionally protected property interest. *Roth,* 408 U.S. at 570, 92 S.Ct. at 2706 ("But to determine whether due process requirements apply in the first place, we ... must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property."). Because the facts regarding the Manual creating or denying Trooper Hitchens' right to a fair and impartial evaluation are not in dispute, the Court will decide whether the Manual confers upon Trooper Hitchens a constitutionally protected property interest in his evaluation.

### II. Whether Trooper Hitchens Has a Constitutionally Protected Property Interest in a Fair and Impartial Performance Evaluation From the Delaware State Police

In support for his contention that he has a constitutionally protected property interest in a fair and impartial evaluation, Trooper Hitchens refers to the Delaware State Police Officer's Performance Appraisal Manual. (D.I. 24, Appendix C). The Manual sets forth the purposes of the performance evaluations and describes the procedure that evaluators should follow when rating troopers. Trooper Hitchens contends that the Manual defines an integral aspect of the employer-employee relationship and that it contains the type of rules and mutually explicit understandings contemplated in *Perry v. Sindermann* that provide the basis for a legitimate claim of entitlement to a fair and impartial evaluation. *Perry,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972) ("A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing.").

In their Reply Brief, Defendants argue that logic and common sense dictate that a performance evaluation does not constitute the type of benefit contemplated by the

courts in the line of cases stemming from *Roth* and *Perry*. Defendants also point out that the authorities relied upon by Trooper Hitchens focus on a property interest in continued employment. *See e.g. Vinyard v. King*, 728 F.2d 428 (10th Cir.1984) (holding that employee handbook, which specifically stated that permanent employee could not be discharged without cause, created a property interest in employee's continued employment). Here, Trooper Hitchens is still employed by the State Police.

■ In accordance with *Board of Regents v. Roth*, this Court has noted that "employees have property interests in employment-related benefits when state laws, or 'existing rules and understandings' secure the interest, and support a 'legitimate claim of entitlement.'" *Harris v. City of Wilmington*, 644 F.Supp. 1483, 1487 (D.Del.1986) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). A property interest worthy of due process protection may be secured by statutes, regulations, implied promises, or by the customs, policies and practices of a local government unit. *Harris*, 644 F.Supp. at 1487 (citing *Stana v. School District of Pittsburgh*, 775 F.2d 122, 126 (3d Cir.1985)). Absent such support, an employee's subjective expectation is insufficient to raise the interest to a constitutionally protected level. *Id.* (citing *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709).

Here, Trooper Hitchens bases his claim that he has a property interest in his evaluation solely on the provisions of the Manual. No other laws, statutes, regulations or understandings between the parties are alleged. While the Manual does define an aspect of the employer-employee relationship by articulating the standards and methods used for performance evaluations, the provisions of the Manual do not speak of the evaluation in terms of a "benefit" or "right" of the employee. In fact, the provisions of the Manual that Trooper Hitchens relies on, indicate that the performance evaluation system is meant to benefit the State Police Division as a whole, as well as the individual officer. For example, the Manual states:

The purpose of this evaluation system is to serve both *management and the individu-*

*al member. . . .* It is intended to assist members with their personal and professional growth as they contribute to the accomplishments of *divisional* objectives.

(D.I. 24, Appendix C at 2) (emphasis added).

Moreover, courts that have considered whether an employee has a property interest in an evaluation have required the plaintiff to show a nexus between the evaluation and another protected property interest. *See Gearhart v. Thorne*, 768 F.2d 1072, 1074 (9th Cir.1985) (finding that state employee failed to allege constitutionally protected property interest in his performance evaluation where he had not asserted any nexus between low evaluation and another property interest); *Lawrence v. Acree*, 665 F.2d 1319 (D.C.Cir. 1981) (reaching same conclusion in case involving federal employee).

In this case, Trooper Hitchens has attempted to allege a nexus in two ways. First, Trooper Hitchens argues that because the Manual states that the evaluations are meant to "assist superior [sic] in personnel decisions including educational needs, transfer, and promotion," a legitimate claim of entitlement to a fair and impartial evaluation is created. Second, Trooper Hitchens alleges a nexus between his unfair employment evaluation and his inability to transfer into other units or be promoted. (*See* D.I. 24, Appendix B, Plaintiff's Affidavit; Appendix C Manual). However, Trooper Hitchens cites no authority to indicate that he has a protected property interest in a transfer or promotion, nor does he argue that he has a protected property interest in a transfer or promotion. In fact, Trooper Hitchens states that he does not claim a right to a promotion. (D.I. 23 at 10). Finally, Trooper Hitchens has not been terminated and remains an employee of the Division of the State Police. On this record, the Court concludes that Trooper Hitchens has not alleged a nexus between the evaluation and another protected property interest.

■ Moreover, whether a property interest exists is not determined by the existence of procedural protections. *Farmer v. Lane*, 864 F.2d 473 (7th Cir.1988) ("Although we look to the procedural guarantees granted by

contract, ordinance, statute or regulation in assessing whether a property interest exists, the right to those procedural guarantees is not itself a property right."). The fact that the Manual describes the procedure for evaluation, the ways in which evaluators can eliminate bias, and the appeal procedure available, does not grant Trooper Hitchens a protected property interest in a fair and impartial evaluation.

In their papers, Trooper Hitchens and Defendants dispute the applicability of *Delaware State Troopers Lodge, Fraternal Order of Police, Lodge # 6 v. O'Rourke*, 403 A.2d 1109 (Del.Ch.1979). In *O'Rourke*, the Court of Chancery held that absent a showing of an expectation of a right to promotion, a promotional test program used to determine whether officers were qualified for a promotion did not violate due process. In asserting a protected property interest, the plaintiff in *O'Rourke* based his claim on the provisions of the collective bargaining agreement. However, in determining whether a protected property interest existed, the Court found that the complaint alleged "nothing from which such an expectation in a right to promotion could reasonably be inferred." *Id.* at 1113. Moreover, the Court rejected plaintiff's argument that the voluntary initiation of the four-month promotional test evaluation program amended the collective bargaining agreement to add a new benefit in the form of a merit based promotion system. *Id.* Specifically, the court noted that by voluntarily attempting to do that which they were under no legal or contractual obligation to do, the defendants did not create a property interest in a right to promotion that warranted protection from the courts. *Id.*

In this case, the Court is persuaded that *O'Rourke* is helpful but not dispositive. First, unlike the plaintiff in *O'Rourke*, the Plaintiff here has referenced the Manual in his Complaint in support of his expectation of a right to a fair and impartial evaluation.[1] (D.I. 23 at 10). Second, under Delaware law, an employee handbook can create contractual rights if: (1) the language is specific enough to constitute an offer, (2) the offer was communicated to the employee by issuance of the handbook or otherwise, and (3) the employee accepted the offer by retaining employment after he has become generally aware of the offer. *Crisco v. Board of Ed. of the Indian River School District*, 1988 WL 90821, *3–4 (Del.Ch.1988). Thus, the Court must resolve the question of whether the provisions of the Manual establish a contractual obligation between the Division of State Police and its employees.

The Court concludes that the manual does not offer employees the guarantee of a fair evaluation. Rather, the Manual takes a general, instructional approach by setting forth guidelines for the evaluation procedure by suggesting methods to reduce errors. For example, the Manual raises seventeen types of errors and states remedies for seven of them. The errors discussed include the frequent tendency to overrate, as well as underrate, a trooper's performance. The remedies suggest what the raters should do to avoid error, however, they do not guarantee that raters will, in fact, adhere to the suggestions. As such, the provisions of the manual suggest that the Division of State Police recognizes that evaluations may not always be impartial. Furthermore, the fact that the Manual provides officers with the opportunity to attach written rebuttals to evaluations in their file, suggests that the Division realizes that evaluations may not always be accurate and that officers may need to explain the circumstances surrounding their evaluation. (D.I. 24, Appendix C at 40). And, as discussed earlier, the Manual provisions speak in general terms about enhancing individual and divisional growth. For example,

---

1. In his Complaint, Trooper Hitchens alleges that his evaluation was arbitrary and capricious and that Defendants failed to follow the procedures in the Delaware State Police Divisional Manual. (Complaint, para. 14–18). In paragraph 19, Trooper Hitchens avers as follows: "Plaintiff, as a permanent employee of the Delaware State Police, possesses vested and constitutionally protected property interests in his employment." In paragraph 32, Trooper Hitchens avers that "Defendants' conduct has infringed upon Plaintiff's right to a fair and impartial evaluation." Therefore, unlike the Court's view in *O'Rourke*, the Court finds that Trooper Hitchens's argument in this case was not an afterthought.

in discussing the purposes of evaluations, the Manual states that "each member must be aware that *he or she has the prime responsibility for their own development*," but that the *"Division ...* has a vital interest in instructing and guiding troopers in their development and performance." (D.I. 24, Appendix C at 2) (emphasis added). The Manual also outlines what performance evaluations "should" accomplish, however, it does not guarantee that the evaluations will meet these objectives. Therefore, the Court cannot reasonably construe the language of the Manual to create an offer of a fair and impartial evaluation by the State Police Department to its employees. Thus, the Court concludes that there is no contractual basis for finding that the Manual confers a property interest in a fair and impartial performance evaluation.

Finally, prudent policy considerations regarding the role of the Federal Courts strongly support the conclusion that the Manual does not confer a property interest in a performance evaluation. As Justice Stevens stated in *Bishop v. Wood:*

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to required federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

426 U.S. 341, 347, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976).

For the Court in this case to hold otherwise, would cause the Court to become enmeshed in evaluating the propriety of daily personnel decisions. Trooper Hitchens may have a subjective expectancy in a fair and impartial evaluation, but this subjective desire is insufficient to raise a constitutional claim. *See Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. For these reasons, the Court concludes that the Manual does not create a constitutionally protected property interest in a fair and impartial evaluation.

## III. The Due Process Claim

Because Trooper Hitchens has failed to allege a constitutionally protected property interest in a fair and impartial evaluation, then, as a matter of law, Trooper Hitchens is not entitled to due process. *Roth,* 408 U.S. at 571, 92 S.Ct. at 2706. Therefore, the Court need not consider the degree of process due or whether Defendants' actions comported with the requirements of due process.

### *Conclusion*

Based on the provisions of the Delaware State Police Officer's Appraisal Manual, the Court concludes that Delaware State Troopers do not have a protected property interest in performance evaluations undertaken by the Division of State Police.

An Order will be entered consistent with this Opinion.