George **GEARHART**, Plaintiff-Appellant,

v.

Raymond **THORNE**; Robert Keilbach; William Sager; Ed Northcutt; and Libby Leonard, Defendants-Appellees.

No. 84–4165.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1985.

Decided Aug. 13, 1985.

Gergory Kafoury, Kafoury & Hagen, Portland, Or., for plaintiff-appellant.

Linda R. Rodgers, Salem, Or., for defendants-appellees.

Before KILKENNY, WALLACE, and SNEED, Circuit Judges.

PER CURIAM:

Gearhart appeals from an adverse judgment on the pleadings in his section 1983 action pursuant to Fed.R.Civ.P. 12(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gearhart, an Oregon state employee, raises two claims in this action brought under 42 U.S.C. § 1983: (1) that his superiors violated his first amendment rights by infringing his rights to maintain grievance actions, and (2) that his due process rights were abridged because his superiors brought false charges against him in retaliation for his grievances, resulting in demotion, lost salary, and poor evaluations. We review a rule 12(c) dismissal de novo. *Cf. Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547, 552 (9th Cir.1984) (rule 12(b)(6) dismissals reviewed de novo). We conclude that Gearhart has failed to state a claim under section 1983 on either theory.

■ In a section 1983 action based on the first amendment, the plaintiff has the burden of alleging constitutionally protected speech. *See Mount Healthy School District Board of Education v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). The "speech" at issue here is Gearhart's unrestricted right to use the internal grievance procedure provided to Oregon state employees. The first amendment protects the right of private citizens to petition various government departments, *see California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972), and the right of public employees to speak out on public issues. *See Connick v. Myers*, 461 U.S. 138, 144–45, 103 S.Ct. 1684, 1688–89, 75 L.Ed.2d 708 (1983); *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir.1983). It does not, however, protect a public employee's right to speak internally about matters of purely personal interest. *See Connick*, 461 U.S. at 147, 103 S.Ct. at 1690. Gearhart's grievances related only to refuting false charges of his ineptitude, allegedly brought in retaliation for his actions, including his grievances. These are "matters only of personal interest," and do not invoke first amendment protection. *Id.* Thus, Gearhart has failed to meet his burden of alleging conduct or speech protected by the first amendment.

Gearhart also argues that the pattern of retaliatory action deprived him of his property interests in his status, income, and evaluations without due process. We also affirm the judgment on the pleadings against Gearhart on this claim.

"In order to state a claim under the fourteenth amendment, the complainant must allege facts showing not only that the State has deprived him of a liberty or property interest but also that the State has done so without due process of law." *Marrero v. City of Hialeah*, 625 F.2d 499, 519 (5th Cir.1980), *cert. denied*, 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981). *Accord Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981). The facts alleged in Gearhart's complaint fail to meet this standard.

■ First, although Gearhart's interests in his status and income are undoubtedly property interests, *see, e.g., Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), he has not alleged facts establishing a *prima facie* case of a lack of due process with respect to them. The touchstone of analysis in property deprivation cases is whether the plaintiff received adequate due process before he was *finally* deprived of his property. *Parratt*, 451 U.S. at 539–41, 101 S.Ct. at 1914–16; *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 611, 94 S.Ct. 1895, 1902, 40 L.Ed.2d 406 (1974). Gearhart alleged that he received full grievance hearings after his demotion and salary cuts, and that he prevailed with full reinstatement and back pay. Since the property rights in demotion and salary can be and were fully restored, we conclude that on balance, the grievance procedure provided adequate due process, *see generally Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and that Gearhart received all the process he was due before any final deprivation of his interests.

Thus, since he prevailed in these hearings, he has obtained his remedy and his complaint fails to allege facts that constitute a due process violation with respect to these property interests.

Although Gearhart also alleges a property right in his performance evaluations, he has not alleged a constitutionally protected property interest. *See Lawrence v. Acree*, 665 F.2d 1319, 1325–26 (D.C.Cir. 1981) (per curiam). Moreover, Gearhart has not alleged any nexus between the low evaluation and any other property interests. *See id.* Therefore, we conclude that Gearhart failed to state a claim based on the low evaluations.

Since we hold that Gearhart failed to meet his burden of alleging a constitutionally protected interest in his speech or evaluations, and failed to allege facts that established a *prima facie* case of inadequate due process on his property interests, we affirm the district court's dismissal of his action.

AFFIRMED.