James TOMER, Plaintiff-Appellee,

v.

Daryl GATES, Jerry Bova, Luis Lopez, Raymond Lombardo, Michael Ranshaw, and the City of Los Angeles, Defendants-Appellants.

No. 86–5771.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 1987.

Decided Feb. 27, 1987.

Stephen Yagman, Los Angeles, Cal., for plaintiff-appellee.

Richard M. Helgeson, Los Angeles, Cal., for defendants-appellants.

Before KENNEDY and O'SCANNLAIN, Circuit Judges, and WILKINS,* District Judge.

PER CURIAM:

James Tomer, a Los Angeles Police Department (LAPD) officer, filed this civil rights action under 42 U.S.C. § 1983 against the City of Los Angeles, its Chief of Police, and several of his fellow officers alleging malicious prosecution and violation of fourth amendment rights, and asserting pendent state tort claims. All defendants raised qualified immunity as an affirmative defense which Tomer immediately moved to strike from their answers under Rule 12(f). The district court granted the motion to strike and all defendants filed this joint appeal.

The procedural setting of this appeal is unusual. Notwithstanding the filing of this timely appeal of the order striking the qualified immunity defense, the trial court proceeded with the litigation. Subsequent to appellate briefing and prior to oral argument in this court, we were notified that Tomer dismissed his state tort claims in the pretrial order and the district court there-

after granted summary judgment in favor of all defendants except Officer Raymond Lombardo of the LAPD Internal Affairs Division.

■ Thus, the narrow question now before us is whether Officer Lombardo may assert a qualified immunity defense to Officer Tomer's civil rights action. Availability of a qualified immunity defense is a question of law to be reviewed *de novo*. *White by White v. Pierce County*, 797 F.2d 812, 814 (9th Cir.1986).

The undisputed facts are that Lombardo conducted an official investigation of Tomer based upon reports by other officers, including Tomer's partner, that Tomer had withheld narcotics obtained in police activities. As part of that investigation Lombardo checked a small amount of marijuana out of the police property office and placed it at a prearranged location. Tomer was dispatched to that location on a "found evidence call" and Lombardo observed Tomer take custody of the parcel. When Tomer later turned the parcel over, it was found to contain six grams less than Lombardo claimed to have checked out. Based on the statements of other officers in addition to the results of the "found evidence call" incident, Lombardo obtained a search warrant to recover narcotics from Tomer. The search turned up no narcotics and a subsequent LAPD "Rights Board" administrative disciplinary hearing terminated in Tomer's favor.

The essence of Tomer's section 1983 claim is that he has a constitutional right not to have been the subject of an official investigation by Officer Lombardo in which the LAPD "fabricated evidence." He apparently feels so strongly about the matter his counsel has also asked this court to assess attorney's fees and double costs against the defendants under Fed.R.App.P. 38 for filing a frivolous appeal. We conclude that the appeal, far from being frivolous, is well taken.

* The Honorable Philip C. Wilkins, United States District Judge for the Eastern District of California, sitting by designation.

■ The first question, as always, is whether this court has jurisdiction. Lombardo asserts that striking the qualified immunity defense is immediately appealable. Tomer argues in his brief that interlocutory appeal does not lie because defendant did not seek absolute (rather than qualified) immunity from suit. While the availability of immediate appeal might have been unclear until recently, *Mitchell v. Forsyth,* 472 U.S. 511, 526–27, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985), established the rule that denial of a qualified immunity defense, like the denial of absolute immunity, is immediately appealable as a final order. Without interlocutory appeal, a qualified immunity defense "is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 526, 105 S.Ct. at 2816. A district court's denial of a qualified immunity defense "is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291." *Id.* at 530, 105 S.Ct. at 2817. We conclude that we have jurisdiction under 28 U.S.C. § 1291.

■ Next, on the merits of the substantive issue, *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), tells us that a defendant may have a valid qualified immunity defense if the court is convinced that the official conduct at issue "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Tomer argues that use of "fabricated evidence" in an internal affairs police investigation is a bar to the defense of qualified immunity, but he fails to specify which constitutional rights were violated. There is no allegation that Tomer was deprived of any liberty or property interest, nor do we find any deprivation. Indeed, not only were formal hearings held, but Tomer successfully defended the charges and the proceedings terminated in his favor. *See Gearhart v. Thorne,* 768 F.2d 1072, 1073 (9th Cir.1985).

Tomer appears to argue that Lombardo's "found evidence call" investigation was an inherent violation of constitutional rights. We disagree. There is no assertion that the affidavit filed by Lombardo in support of the search warrant was based exclusively on the alleged "fabricated evidence." Probable cause could be established on the basis of other assertions in the supporting affidavit, not including the "found evidence call" incident. Furthermore, even an allegation of malicious prosecution does not generally implicate a clearly established constitutional right, *Bretz v. Kelman,* 773 F.2d 1026, 1031 (9th Cir.1985), and none is implicated here.

Even if Lombardo did violate Tomer's constitutional rights, he may still "enjoy a qualified immunity that protects [him] from liability for damages 'unless it is further demonstrated that [his] conduct was unreasonable under the applicable standard.'" *Capoeman v. Reed,* 754 F.2d 1512, 1513 (9th Cir.1985) (quoting *Davis v. Scherer,* 468 U.S. 183, 190, 104 S.Ct. 3012, 3018, 82 L.Ed.2d 139 (1984)). Thus, if Lombardo acted under an objectively *"reasonable* (even if mistaken) belief that what [he was doing] was lawful," he should be allowed to claim qualified immunity at trial. *Guerra v. Sutton,* 783 F.2d 1371, 1374 (9th Cir. 1986) (emphasis in original). We conclude that the motion to strike was improvidently granted and that Officer Lombardo has the opportunity to claim a qualified immunity defense.

Finally, it may be anticlimactic to observe that this appeal is hardly frivolous. It is indeed curious that Stephen Yagman, Tomer's attorney, should demand in his brief, citing Aristotle's *Metaphysics,* Book VII, that stern sanctions should be imposed against defendants. Mr. Yagman has previously been admonished by this court and he should be familiar with the requirements for sanctions. *See Hamblen v. County of Los Angeles,* 803 F.2d 462, 464–65 (9th Cir.1986). In light of this, it is particularly puzzling that in a post-briefing citation to this court of *White by White v. Pierce County* as additional authority, Mr. Yagman quotes from it as follows:

> Appeal issues ... to the extent they are based on grounds other than qualified immunity [*which is an immediately*

*appealable interlocutory issue*] are unappealable and [must be] dismissed. 797 F.2d at 814 (bracketed language provided by Mr. Yagman; emphasis added).

Notwithstanding Mr. Yagman's concession in the underlined language, he did not withdraw his frivolous appeal claim. For Mr. Yagman to maintain his demand for attorney's fees and double costs in the face of his post briefing admission on the procedural issue and his own briefing of *Mitchell v. Forsyth* is in itself an exercise in frivolity. Failure to withdraw such demand, even as late as during oral argument, was unbecoming a member of the bar of this court. Allegations of frivolous appeal are not taken lightly by this court. Mr. Yagman's allegation of frivolous appeal and demand for fees and costs on behalf of appellee are hereby rejected.

The judgment is REVERSED and costs will be taxed pursuant to Fed.R.App.P. 39(a) against appellee.