106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank McCOY, Plaintiff-Appellant,
v.
SAN FRANCISCO, CITY & COUNTY, a Municipal Corp.; Office of
Citizen Complaints, a Public Entity Department of the City
and County of San Francisco; Frank Jordan, Individually and
in his official capacity as Chief of Police of the San
Francisco Police Dept.; Michael Langer, Individually and in
his official capacity as Chief Investigator of the Office of
Citizen Complaints; Daniel J. Silva, Individually and in
his official capacity as Chief Investigator of the Office of
Citizen Complaints; Lawrence Shockey, Individually and in
his official capacity as Special Investigator of the Office
of Citizen Complaints; Michael Gash, Individually and in
his official capacity as Attorney for the San Francisco
Police Dept.; Miriam Morley, Individually and in her
official capacity as Deputy City Attorney; Arthur
Hartinger, Individually and in his official capacity as
Deputy City Attorney, Defendants-Appellees.
 No. 95-17328.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1996.
Decided Jan. 21, 1997.
 
 Before: BOOCHEVER, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this action, McCoy, a former homicide inspector with the San Francisco Police Department, alleges that his constitutional rights were violated in the course of two separate disciplinary actions brought against him. He appeals the district court's grant of summary judgment in favor of defendants. We consider each of his claims in turn, and conclude that, viewing the evidence in the light most favorable to him, the grant of summary judgment was proper.
 
 I. The McCoy I Proceedings
 
 3
 McCoy alleges that his Fourteenth Amendment due process rights were violated in several respects during the investigation and administrative proceedings that preceded the hearing on the charges against him (McCoy I ). McCoy claims that the police department's internal investigative procedures were conducted negligently or in a biased fashion, and that then-Police Chief Jordan wrongly based the decision to charge him on those flawed investigations.
 
 
 4
 "A biased proceeding is not a procedurally adequate one," and bias in an administrative adjudication cannot be "cured" by subsequent judicial review. Clements v. Airport Authority, 69 F.3d 321, 333 (9th Cir.1995). Here, however, McCoy does not argue that the disciplinary hearing itself was biased or otherwise unfair, or that his constitutional rights were violated by the decision-making body--the Police Commission. Indeed, the Commission not only refused to discipline him but afforded him full exoneration. The question McCoy's complaint raises, therefore, is whether his rights were violated because of unfair actions that led to a disciplinary hearing at which he received all the relief he requested.
 
 
 5
 Specifically, McCoy alleges that Jordan violated his due process rights because the decisions to investigate the citizen complaints and to charge him with misconduct (despite the conclusions by certain entities within the department that no "chargeable" misconduct occurred) were motivated by malice or by "political" concerns. The record does not support any such inference, however. McCoy has offered no evidence that the investigation was conducted or the charges were brought for any constitutionally impermissible purpose, such as racial animus or retaliation for the exercise of a constitutional right. The allegation that "political concerns" affected Jordan's decision is insufficient to support a due process challenge.
 
 
 6
 McCoy further alleges in his complaint that defendants Morley, Gash, and Hartinger violated his due process rights during the McCoy I discovery disputes. He does not raise that issue on appeal, however, and, in any event, he has failed to show what injury he might have suffered from those alleged violations. Specifically, he makes no showing that the discovery dispute in any way affected the fairness of the McCoy I proceeding. Finally, his victory before the Police Commission cured whatever minor deprivation he may have suffered.
 
 
 7
 McCoy also alleges that his due process rights were violated because the citizen complaint investigators were improperly trained and/or supervised. In view of all the circumstances, we conclude that any deficiencies in the training or supervision of the investigators do not rise to the level of a due process violation and, once again, any infirmities there may have been were cured by McCoy's exoneration in a fair disciplinary hearing before the Police Commission.
 
 
 8
 In short, given all the circumstances of this case, and particularly the fact that McCoy was exonerated at the administrative hearing, we hold that he was neither subjected to pretextual discipline nor arbitrary and capricious governmental conduct, and that he was not deprived of due process of law in connection with the McCoy I proceedings. See Gearhart v. Thorne, 768 F.2d 1072, 1073-74 (9th Cir.1985).
 
 II. The McCoy II Proceedings
 
 9
 In the part of his complaint relating to McCoy II, McCoy does not allege that his due process rights were violated as a result of the failure of the departmental disciplinary rule to provide adequate notice that his calls to the citizen complainants were improper (notwithstanding the fact that the California Court of Appeals held the notice to be inadequate). Instead, he complains that the defendants violated his rights by concealing or destroying documents subject to discovery, by concealing evidence, by "manufacturing false evidence," and by willfully and maliciously bringing false charges against him.
 
 
 10
 As to the concealing or destroying of documents, McCoy concedes that prior to McCoy I, all such evidence was disclosed by one means or another, except that he did not obtain a complete copy of the statement he prepared and gave to Lt. McCarthy. However, he fails to show how his inability to obtain the missing portions of the statement affected the McCoy II proceedings, and thus fails to raise any genuine issue of material fact regarding the alleged deprivation of his due process rights. Likewise, he presents no evidence that defendants manufactured false evidence against him, and therefore fails to raise a genuine issue of material fact with respect to that allegation.
 
 
 11
 McCoy's claim that defendants brought false charges against him appears to relate to McCoy I rather than to McCoy II. Even assuming that it relates to McCoy II, however, he offers no evidence that the charges were false or that he was subjected to arbitrary and capricious government conduct. He admits that he telephoned Paul and Newquist, and that he attempted to record those conversations. While he argues that the calls were made as part of the ongoing homicide investigation, the transcript of his remarks to Paul belies that claim and strongly supports the inference that he contacted Paul solely to discuss the McCoy I complaint. Therefore, he fails to raise a genuine issue of material fact that the charges were false.[1]
 
 
 12
 Upon review of the entire record, therefore, we conclude that McCoy failed to raise a genuine issue of material fact as to any alleged due process violation.
 
 
 13
 Finally, we note that McCoy argues for the first time on appeal that Jordan brought the McCoy II charges in retaliation for his exercise of his First Amendment rights in protecting the confidentiality of a juvenile file and in contesting the McCoy I charges, and that his First Amendment (and/or due process) rights were violated by the bringing of charges to punish him for engaging in such protected conduct. Because McCoy did not allege a First Amendment violation in his complaint, and because in this case any such claim is fact-dependent, and does not involve a pure question of law, we do not consider it here. In any event, Jordan's remarks that "You're only halfway through this," and "you still have other charges that you're going to have to face" (McCoy Dep. 72:1-4) are insufficient to raise a genuine issue of material fact as to retaliatory motive. They simply evidence the fact that Jordan was aware that McCoy was still facing disciplinary charges for his telephone calls to the McCoy I citizen complainants, his interrogation of them concerning the charges against him, and his attempted surreptitious recording of those conversations. Therefore, McCoy's First Amendment and due process claims concerning retaliation also fail on the merits.
 
 III. Conclusion
 
 14
 For the foregoing reasons, the district court's grant of summary judgment in favor of the defendants is
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Were we to construe McCoy's complaint as alleging that it would be improper for a police department to prohibit the making of such calls, we would reject his contention. We have no doubt that the conduct involved is not consistent with the proper handling of citizen complaints