122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack Dale RUGGLES, Jr.; Michael Caldwell, Plaintiffs-Appellants,
v.
STATE of Nevada; Nevada Highway Patrol; James Mercer,
Defendants-Appellees.
 No. 96-16954.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Decided Aug. 27, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-95-00323-HDM; Howard D. McKibben, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jack Dale Ruggles, Jr. and Michael Caldwell appeal the district court's order granting summary judgment in favor of Officer James Mercer in their 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 A. Alleged Conspiracy
 
 3
 Appellants alleged that Mercer stood by while other officers illegally stopped appellants' vehicle, seized their property, arrested them, and physically abused Ruggles and then cast him adrift in the Mojave desert. Appellants contend that Mercer's presence in the immediate vicinity during the alleged illegal activities renders him liable as a conspirator with other law enforcement officers to violate appellants' civil rights.
 
 
 4
 To state a claim under § 1983, a plaintiff must allege facts showing "a deprivation of right, privilege or immunity secured by the Constitution or federal law," by one acting under color of state law. See Lopez v. Department of Health Servs., 939 F.2d 881, 883 (9th Cir.1991) (per curiam). To satisfy the color of state law requirement under a conspiracy theory, appellants need only have shown that there was an "understanding" between Mercer and the officers to deprive appellants of their rights. See, e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Because appellants have alleged no facts from which it can be inferred that there was an understanding between Mercer and the other officers to commit any civil rights violations, summary judgment was properly granted as to this claim. See Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993).
 
 B. Alleged Constitutional Violations
 
 5
 "A law enforcement officer is entitled to qualified immunity in a § 1983 action if the district court determines that, in light of clearly established principles governing the conduct in question at the time of the challenged conduct, the officer could reasonably have believed that [his] conduct was lawful." Mendoza v. Block, 27 F.3d 1357, 1360 (9th Cir.1994). Because immunity is established by an objective standard, the officer's subjective belief is irrelevant. See Hutchinson v. Grant, 796 F.2d 288, 290 (9th Cir.1986). Therefore, even if mistaken, if the officer acted under an objectively reasonable belief that the arrest was lawfully supported by probable cause, he is entitled to qualified immunity. See Tomer v. Gates, 811 F.2d 1240, 1242 (9th Cir.1987) (per curiam).
 
 
 6
 Although genuine disputes of material fact regarding an officer's knowledge are to be resolved by a factfinder, the determination of whether those facts support an objective belief that probable cause or reasonable suspicion existed is ordinarily a question for the court. See Act Up!/Portland, 988 F.2d at 873.
 
 
 7
 Appellants contend that Mercer violated the Fourth Amendment by unlawfully stopping and searching their vehicle and by detaining and/or arresting them for more than an hour in the hot desert sun. We disagree.
 
 
 8
 With respect to the initial stop, it is undisputed that the vehicle was a large truck with a sleeper pulling a twenty-nine foot, three-axle trailer. Thus, the officers reasonably could have believed that the vehicle was not a pickup and that appellants violated the law when they failed to stop at the checkpoint. See Hutchinson, 796 F.2d at 290; see also Nev.Rev.Stat. § 484.278(a) (making it unlawful for drivers to disobey traffic control device).
 
 
 9
 Upon observing the two guns on the vehicle dashboard, Mercer reasonably could have believed he was authorized to detain appellants and to search the vehicle for officer safety. See Alexander v. County of Los Angeles, 64 F.3d 1315, 1319 (9th Cir.1995). Given that the weapons were loaded and that appellants refused to answer questions, to provide identification or to otherwise cooperate, Mercer was reasonable in detaining them for as long as he did. See United States v. Sharpe, 470 U.S. 675, 686-87 (1985).
 
 
 10
 Even if the length of detention made it tantamount to an arrest, it suffers from no Fourth Amendment taint, as there was probable cause to arrest. See Guam v. Ichiyasu, 838 F.2d 353, 356 (9th Cir.1988). When Caldwell refused to submit to a safety inspection, Mercer was authorized to arrest him. See id.; see also Nev.Rev.Stat. § 484.701 (making refusal to submit to safety inspection a misdemeanor). Following the arrest, Mercer was authorized to conduct an inventory search of the vehicle and trailer. See South Dakota v. Opperman, 428 U.S. 364, 372 (1976).
 
 
 11
 Mercer also was reasonable in believing he was authorized to hold Ruggles' belongings because he refused to identify himself. See id. at 370. Finally, contrary to Ruggles' assertion that he was abandoned in the desert, his testimony indicated that he walked away voluntarily. Accordingly, summary judgment was proper with respect to the Fourth Amendment claims. See Act Up!/Portland, 988 F.2d at 871.
 
 
 12
 Appellants also claim that Mercer violated their right to equal protection. However, they have provided no evidence of discriminatory actions or intent. See Hernandez v. New York, 500 U.S. 352, 359-60 (1991); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir.1991). Accordingly, the district court properly granted summary judgment as to appellants' equal protection claim. See Act Up!/Portland, 988 F.2d at 871.
 
 C. Pendent State Claims
 
 13
 The complaint also alleged false imprisonment and arrest, trespass to chattels, and intentional infliction of emotional distress. Because dismissal of federal claims dictates that pendent state claims should also be dismissed, see Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985), the district court did not abuse its discretion in dismissing the pendent state claims. Dismissal of appellants' state law tort claims is without prejudice. See Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir.1996).
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court also has dismissed all claims against the State of Nevada, the Nevada Highway Patrol, and Mercer in his official capacity. This appeal concerns only those claims against Mercer in his individual capacity