**POM WONDERFUL LLC,**
**Plaintiff–Appellant,**

v.

**PURELY JUICE, INC., and Paul**
**Hachigian, Defendants–**
**Appellees.**

**No. 07–56142.**

United States Court of Appeals,
Ninth Circuit.

Argued and submitted Feb. 15, 2008.

Filed May 12, 2008.

---

Mark R. Campbell, Laura A. Wytsma, Loeb & Loeb LLP, Los Angeles, CA, for Plaintiff–Appellant.

Stephen E. Abraham, Fink & Abraham LLP, Newport Beach, CA, for Defendants–Appellees.

Before: B. FLETCHER, FRIEDMAN * , and N.R. SMITH, Circuit Judges.

MEMORANDUM **

This appeal challenges the denial of POM WONDERFUL, LLC ("POM")'s request for a preliminary injunction enjoining the defendants-appellees Purely Juice, Inc. and Paul Hachigian ("Purely Juice") from allegedly falsely advertising that their pomegranate juice (made from concentrate) is "100% pomegranate juice" and has "no added sugar or sweeteners." We affirm.

---

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ 1. We review the district court's denial of a preliminary injunction for abuse of discretion. *See Nader v. Brewer*, 386 F.3d 1168, 1169 (9th Cir.2004). The district court did not abuse its discretion in denying a preliminary injunction in this case. The two grounds for that decision— that POM "has not established a likelihood of success on the merits" and that "the balance of hardships tips in the defendants' favor"—are supported by the record and constitute an adequate and proper basis for the court's decision.

As the district court pointed out, this case involves novel and difficult questions about the meaning and application of the Food and Drug Administration's juice labeling regulation, 21 C.F.R. § 101.30, and the relationship between that regulation and the prohibition of false advertising in section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The case also presents questions under sections 17500 and 17200 of the California Business and Professions Code that govern false advertising and unfair competition.

The district court's opinion discusses in considerable detail the issues, the governing principles, and the pertinent cases. The court also stated: "The parties have submitted conflicting evidence as to whether the Purely Juice product has added sugars or sweeteners. Additionally, there appear to be questions about whether different varietals, farming practices, and processing methods effect [sic] the laboratory results. In light of these facts, it appears that neither side has demonstrated likelihood of success on the present record." Dist. Ct. Order at 12.

Although the district court stated that "based on the record before it, [the] plaintiff has not established a likelihood of success on the merits," that is not necessarily the court's final word on the merits. After the trial, and particularly in light of any additional evidence that may be presented, the court could come out the other way on the merits. *See Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir.1982) (noting that a "district court's findings supporting its order granting or denying a permanent [sic] injunction may differ after presentation of all the evidence...."). Indeed, the court seemingly so recognized when it stated that its determination that the plaintiff's failure to establish a likelihood of success on the merits was "based on the record before it."

Accordingly, the district court neither relied on an erroneous legal premise nor abused its discretion in concluding that POM had failed to demonstrate a likelihood of success on the merits. *See Sports Form*, 686 F.2d at 752 (An "order granting or denying the injunction will be reversed only if the district court relied on an erroneous legal premise or abused its discretion.").

In dealing with the balance-of-hardship issue, the court concluded:

> It appears that the granting of the injunction sought by plaintiff will remove Purely Juice from the marketplace. Even if an injunction were tailored to prohibit the alleged false advertising, on the present record, it appears that there is no advertising that can be properly enjoined without creating a potential conflict with FDA regulations. On the other hand, the denial of the request for injunctive relief will not unfairly harm plaintiff where, as here, plaintiff has failed to proffer evidence that the alleged false advertising has resulted in injury to plaintiff's business.

Dist. Ct. Order at 15 (footnote omitted).

■ The district court correctly concluded that the balance of the hardships tips in Purely Juice's favor. *See Rodeo Collection, Ltd. v. W. Seventh*, 812 F.2d

1215, 1217 (9th Cir.1987). POM failed to demonstrate how it would suffer irreparable financial injury if Purely Juice was not enjoined pending trial; instead it only presented information that was generally applicable to the pomegranate juice industry. In contrast, Purely Juice introduced sufficient evidence to demonstrate a serious threat to its continued viability if the district court entered the preliminary injunction that POM requested. The district court minimized any potential harm to POM by setting the matter for trial at the earliest possible date. At oral argument, we learned that trial was scheduled to begin in April 2008. In light of these factors, the record supports the district court's conclusions regarding the balance of the hardships.

On appeal, POM argues that the district court's decision is fatally flawed because the district court did not address the public interest in its written decision. However, POM did not raise this issue with the district court at oral argument and argued in its brief that the district court may consider the public interest when deciding whether to issue a preliminary injunction. Even if POM has properly preserved the issue for appeal, we would still affirm the district court because the record before us does not show any health risk to the public resulting from the marketing of Purely Juice's products. Finally, the district court necessarily considered the public interest when it decided POM's likelihood of success on the false advertising claim.

Further, a court's failure to discuss a particular issue in its opinion does not necessarily mean that the court did not consider the question. *See Lowder v. Dep't of Homeland Sec.,* 504 F.3d 1378, 1383 (Fed.Cir.2007) (internal citations omitted) ("The failure to discuss particular contentions in a case, however, does not mean that the tribunal did not consider them in reaching its decision. All that it means is that the author of the opinion, for whatever reasons, did not deem it necessary or appropriate specifically to discuss those points."); *United States v. Garza,* 165 F.3d 312, 314 (5th Cir.1999) ("A litigant's right to have all issues fully considered and ruled on ... does not equate to a right to a full written opinion on every issue raised."); *Schilling v. Schwitzer–Cummins Co.,* 142 F.2d 82, 84 (D.C.Cir. 1944) ("While counsel may be disappointed that findings do not discuss propositions sincerely contended for, that, alone, does not make them inadequate or suggest that such propositions were not understood by the court."). Courts have broad discretion to determine what their opinions will include and say. *See Lowder,* 504 F.3d at 1383 ("The author of an opinion has broad discretion to determine what the opinion should contain and in what detail.").

In sum, we conclude that the district court neither relied on an erroneous legal premise nor abused its discretion in denying POM's motion for a preliminary injunction, *see Sports Form,* 686 F.2d at 752.

2. As the final point in its brief before this court, Purely Juice presents a two-and-a-half page argument that POM's appeal is frivolous. In reply to questions during oral argument, Purely Juice's attorney continued to press the point. Purely Juice requests that, as a sanction, this court award it the attorney fees it incurred in defending against this appeal and also assess double costs against POM. Accusing opposing counsel of filing a frivolous appeal is a serious charge of professional misconduct. *See Tomer v. Gates,* 811 F.2d 1240, 1242–43 (9th Cir.1987) ("Allegations of frivolous appeal are not taken lightly by this court."). There is no justification for Purely Juice's attorney making such a charge in this case, and making the charge was improper. Perhaps Purely Juice's at-

torney acted under the misapprehension that by making such a charge he increased the likelihood of an affirmance. If that was his belief, it was erroneous and unwarranted. Although we affirm the denial of the preliminary injunction, POM's challenge to that denial raised serious and substantial questions that justified its appeal.

**AFFIRMED.**

---

* The Honorable Otis D. Wright II, U.S. District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

