NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTA ANA POLICE OFFICERS ASSOCIATION; COREY SLAYTON, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF SANTA ANA, a Municipal Corporation; SANTA ANA POLICE DEPARTMENT, a public safety department; CARLOS ROJAS; CHRISTOPHER REVERE; WILLIAM NIMMO; MICHAEL CLABORN; DOUGLAS MCGEACHY, <br><br> Defendants-Appellees. | No.  16-55483 <br><br> D.C. No. 8:15-cv-01280-DOC-DFM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted January 8, 2018
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and RAKOFF,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

Plaintiffs-Appellants Santa Ana Police Officers Association and Corey Slayton appeal the district court's dismissal of their first, fourth, and fifth causes of action, and its grant of summary judgment on their 42 U.S.C. § 1983 claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

1. Under the California Tort Claims Act (CTCA), with limited exceptions, "no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Cal. Gov't Code § 945.4. Plaintiffs-Appellants' first, fourth, and fifth causes of action are subject to the CTCA because the claims seek damages that are not incidental in purpose to injunctive or declaratory relief. *See Lozada v. City & County of San Francisco*, 52 Cal. Rptr. 3d 209, 224 (Ct. App. 2006).

The CTCA requires Plaintiffs-Appellants to have submitted a written claim to the City before initiating an action. Cal. Gov't Code § 945.4. However, they did not submit a claim until a year after filing this action. Therefore, the district court properly dismissed the first cause of action, which was part of the original and amended complaint.

The fourth and fifth causes of action for retaliation, however, were added to the amended complaint after Plaintiffs-Appellants filed the written claim with the

2

City.  The factual bases for these claims also are discussed in the written claim.  Plaintiffs-Appellants fail to allege that the written claim was "acted upon" or "deemed to have been rejected" by the City.  *See id.*  However, it is not clear that amendment would be futile.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.").  Therefore, Plaintiffs-Appellants should be given an opportunity to amend.  We reverse the dismissal without leave to amend and remand to allow Plaintiffs-Appellants an opportunity to file an amended complaint as to their fourth and fifth causes of action only.

2.    The district court properly granted summary judgment on Plaintiffs-Appellants' 42 U.S.C. § 1983 claim, which was based on the theories that the Defendants violated the First, Fourth, Fifth, and Fourteenth Amendments.

Plaintiffs-Appellants first argue that the district court erred in relying on Defendants' exhibits because they are not authenticated business records.  This argument ignores the fact that evidence that is not currently in a form that is admissible at trial is "admissible for summary judgment purposes [if it] 'could be presented in an admissible form at trial.'"  *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003)).

Plaintiffs-Appellants' First Amendment retaliation claim fails under prong three of *Eng v. Cooley*, which requires that the employee show that his protected speech was a substantial or motivating factor in an adverse employment action. *See* 552 F.3d 1062, 1071 (9th Cir. 2009). Plaintiffs-Appellants fail to point to any triable issue of material fact precluding summary judgment. A bullet-point list, without any accompanying discussion of the application of the pertinent legal standard, is insufficient. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact." (alteration in original) (quoting *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995))).

Plaintiffs-Appellants' Fourth Amendment unreasonable search or seizure claim fails under both prongs of *O'Connor v. Ortega*, 480 U.S. 709 (1987). They fail to explain how Slayton had a reasonable expectation of privacy in body camera videos of on-duty incidents. *See id.* at 717. And even assuming Slayton had a reasonable expectation of privacy in the video recordings, the search here was part of an "investigation[] of work-related misconduct" and it was reasonable. *Id.* at 725; *see also id.* at 726. Slayton was ordered to produce the video as part of a use-of-force investigation into a September 2014 incident; Slayton admitted he had the camera on during the incident; and the Department sought the video as evidence for the investigation. The scope of the search was reasonable because Slayton was

ordered to turn over videos of only the September 2014 incident and any other on-duty incidents.

Plaintiffs-Appellants' Fifth Amendment procedural due process claim fails because the Fifth Amendment applies only to the federal government, *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008), and the federal government is not a defendant here.

Plaintiffs-Appellants' Fourteenth Amendment procedural due process claim fails because Slayton was not deprived of a protected interest. *Gearhart v. Thorne*, 768 F.2d 1072, 1073 (9th Cir. 1985) (per curiam) ("The touchstone of analysis in property deprivation cases is whether the plaintiff received adequate due process before he was *finally* deprived of his property."); *see Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011) (listing elements of a procedural due process claim). Following his placement on administrative leave, Slayton successfully appealed his termination before the Santa Ana Personnel Board and was reinstated with full back pay. Absent a final deprivation of a protected interest, this claim fails. *See Gearhart*, 768 F.2d at 1073.

Each party shall bear its own costs.

AFFIRMED in part, REVERSED in part, REMANDED.