**James F. MARKER, Plaintiff,**

v.

**Banks H. TALLEY, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: Sept. 24, 1984.
Decided: Nov. 1, 1985.

Paul J. Kania, Wilmington, for plaintiff.

Susan H. Kirk-Ryan, Deputy Atty. Gen., Dept. of Justice, Wilmington, for defendant.

MARTIN, Judge.

Before the Court is a motion to dismiss filed by the State on behalf of Banks H. Talley, Director of the Emily P. Bissell Hospital, ("Defendant") in an action brought by James F. Marker ("Plaintiff") alleging wrongful termination of employment in violation of his federal right of procedural due process under 42 U.S.C. § 1983 and seeking general, consequential and punitive damages, as well as attorney's fees and all costs associated with maintaining this action.

This action against the defendant represents the second suit brought by the plaintiff based on the same set of facts. On December 14, 1982, this Court reversed on appeal the decision of the Personnel Commission that the plaintiff was rightfully terminated form his employment at the Emily P. Bissell Hospital on January 24, 1979 because he was deemed to have abandoned his job. *Marker v. State Personnel Commission and the Department of Health and Social Services*, Del.Super., C.A. No. 80A–FE–16, Martin, J. (December 14, 1982). The Court held that plaintiff's assertion of rights with respect to a dispute regarding his reassignment to the night shift precluded a finding by the Department of Health and Social Services that the plaintiff had abandoned his job. *Id.* The Court also found that the Department acted in contravention of both state and federal law in failing to afford the plaintiff a pre-termination hearing and in breach of contract in declining to process the plaintiff's grievance under the union collective bargaining agreement. *Id.* The Court granted reinstatement and back pay pending final disposition of the remanded proceedings. *Id.*

The defendant offers three grounds for dismissal of the federal cause of action now brought by the plaintiff under 42 U.S.C. § 1983: (1) the action is barred by the statute of limitations; (2) the plaintiff was not deprived of procedural due process; and (3) the defendant is protected under the doctrine of good faith immunity. The defendant also requests an assessment of costs and attorney's fees against the plaintiff.

Plaintiff responds that the statute of limitations was tolled by plaintiff's pursuit of his administrative and judicial remedies, and, in the alternative, that because the deprivation of plaintiff's employment was a continuing wrong, the plaintiff's cause of action did not accrue until his reinstatement in early 1983. The plaintiff also argues that the defendant's actions were outside the scope of the good faith immunity, and, finally, that the decision of this Court in *Marker, supra*, must be considered *res judicata* on the issue of whether plaintiff was deprived of due process of law. Because the Court views the statute of limitations issue as dispositive of this action, the Court will address only that issue.

State courts have concurrent jurisdiction with federal courts over section 1983 actions. *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). The law to be applied in adjudicating civil rights claims, however, must be in conformity with federal law. 42 U.S.C. § 1988. Last term, the United States Supreme Court decided that the federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that § 1983 claims are to be characterized as personal injury actions for statute of limitations purposes. *Wilson v. Garcia*, 471 U.S. ——, ——, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254, 266 (1985).

This Court is, therefore, required to apply the state personal injury statute of limitations to the plaintiff's § 1983 action in accordance with *Wilson v. Garcia, supra.*

■ Federal law has also been applied to determine when a claim accrues under 42 U.S.C. § 1983. *Pauk v. Board of Trustees of City University of New York*, 654 F.2d 856, 859 (2d Cir.1981), cert. denied, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). The rule applied under federal law for the accrual of a claim under § 1983 is the time of injury rule: "when the plaintiff 'knows or has reason to know' of the injury that is the basis of this action." *Id.* Thus, in this action, federal law controls both the characterization of the plaintiff's claim for statute of limitations purposes and the time of the accrual of that claim. The Court made clear in *Wilson v. Garcia, supra,* that "[o]nly the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." *Id.* 471 U.S. at ——, 105 S.Ct. at 1943, 85 L.Ed.2d at 262.

The Delaware statute governing personal injury actions prohibits the bringing of an action "after the expiration of [two] years from the date upon which it is claimed that such alleged injuries were sustained." 10 *Del.C.* § 8119. The first issue presented by this motion to dismiss is, then, at what point the plaintiff knew or had reason to know of the alleged violation of due process. If it is determined that the plaintiff's federal cause of action accrued any earlier than two years prior to the filing of this action, then the Court must consider whether any state provision for tolling the time of filing this action applies. If no tolling provision is applicable, the plaintiff's § 1983 action is barred as not timely filed.

■ It is the opinion of the Court that the plaintiff's cause of action for violation of due process accrued on September 25, 1979, the date the plaintiff alleges that the defendant, Banks H. Talley, refused to entertain the plaintiff's grievance with management, and further, that nothing in the record supports the application of any state tolling rule. Plaintiff's filing of this action on December 8, 1983 is, therefore, barred under the State two-year statute of limitations, 10 *Del.C.* § 8119.

■ Plaintiff contends that the alleged deprivation of his federal right to due process was a continuing wrong because the resulting termination of his employment was unabated until he was reinstated by order of this Court in early 1983. This characterization of the plaintiff's injury as continuing from the time of termination until reinstatement, in order to extend the time for bringing suit, is not relevant to the issue of when the plaintiff "knew or had reason to know" of the injury. The plaintiff's due process claim against the defendant arose, if at all, from the denial of a pre-termination hearing on September 25, 1979 and not from the fact of his unemployment as a result of the alleged violation of due process. See, *Auletta v. Tully*, 576 F.Supp. 191, 196 (N.D.N.Y.1983) (holding that the accrual of the plaintiff's § 1983 action for alleged violation of due process as a result of the denial of a pre-termination hearing accrued at the time of that denial). In *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the Court held that the plaintiff's § 1983 action alleging violation of due process accrued when the Board of Regents notified the plaintiff of their decision to deny her application for a waiver of examination requirements to obtain a chiropractor's license in New York. *Id.* 446 U.S. at 482, 100 S.Ct. at 1794. The accrual of the plaintiff's § 1983 action was not affected by the fact that she remained unable to practice chiropractic during the pendency of her suit in state court. *Id.*

In the case *sub judice*, plaintiff's argument that the alleged deprivation of due process was a continuing wrong, thereby extending the accrual of his § 1983 action, is not supported by the fact that the plaintiff was deprived of his job until the Court

ordered reinstatement. The alleged deprivation of due process occurred when the plaintiff was notified by the defendant of the decision to deny plaintiff's request for a resolution of his dispute. Section 1983 protects citizens and persons within the jurisdiction of the United States against the deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States by persons acting under color of state law. 42 U.S.C. § 1983. As noted in *Wilson v. Garcia, supra,* however, § 1983 "only provides a remedy and does not itself create any substantive rights." *Id.* 471 U.S. at ——, 105 S.Ct. at 1948, 85 L.Ed.2d at 268, citing *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 617–618, 99 S.Ct. 1905, 1915–1916, 60 L.Ed.2d 508 (1979). ("[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything.") *Id.* 441 U.S. at 617, 99 S.Ct. at 1916. See also, *Davis v. Passman,* 442 U.S. 228, 238, 99 S.Ct. 2264, 2273, 60 L.Ed.2d 846 (1979). ("[Chapman] holds this Term that, although § 1983 serves 'to ensure that an individual [has] a cause of action for violations of the Constitution,' the statute itself 'does not provide any substantive rights at all.' Section 1983, of course, provides a cause of action only for deprivations of constitutional rights that occur 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ...'") *Id.* 442 U.S. at 238, 99 S.Ct. at 2273, footnote 16, citing *Chapman,* 441 U.S. at 617–618, 99 S.Ct. at 1915–1916.

A public employee who demonstrates a liberty interest or property interest requiring the protections of procedural due process is entitled to relief under § 1983. See, *Morris v. Board of Education of Laurel School District,* 401 F.Supp. 188, 208 (D.Del.1975) (discussing the determination of "liberty" or "property" interests giving rise to rights under the Due Process Clause). While § 1983 grants a remedy for the deprivation of due process alleged by the plaintiff in the case *sub judice,* this section of the Civil Rights Act of 1871 does not create a cause of action unrelated to that underlying deprivation. See, *Chapman,* 441 U.S. at 617–618, 99 S.Ct. at 1915–1916. There is, therefore, no basis in federal law for postponing the accrual of a cause of action under § 1983 past the point in time of the alleged violation of federal law. In this case, the due process deprivation occurred, if at all, when the plaintiff was wrongfully terminated and may not be characterized as continuing until his reinstatement.

Similarly, the plaintiff's assertion that his § 1983 action did not accrue until the Court determined on December 14, 1982 that plaintiff was wrongfully terminated and denied a pre-termination hearing in contravention of state and federal law is not supported by the law. The accrual of plaintiff's § 1983 claim, arising out of an occurrence prior to the commencement of plaintiff's state administrative and judicial actions, is unaffected by those subsequent proceedings. The plaintiff contends, however, that he was required to exhaust administrative remedies, which included an appeal to Superior Court, and asserts that these proceedings tolled the statute of limitations as to his § 1983 claim.

Exhaustion is a doctrine which refers to the requirement, in certain cases, that state administrative remedies be pursued before maintaining a § 1983 action in a federal court. See, Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction,* § 4233 at 376 (1978). This requirement has no general application to the maintenance of a § 1983 action in a state court. In any event, even when a plaintiff seeks to bring a § 1983 suit in federal court, "it is settled law in this Circuit that a plaintiff need not exhaust state administrative remedies." *Skomorucha v. Wilmington Housing Authority,* 504 F.Supp. 831, 834 (D.Del.1980). See also, *Patsy v. Florida,* 457 U.S. 496, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982) (holding that there is no requirement that plaintiffs must exhaust state administrative remedies

before bringing a § 1983 suit in federal court). In *Tomanio, supra,* the Supreme Court reaffirmed its position in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that a litigant is not required to pursue state judicial remedies prior to commencing an action under § 1983. Only the application of a state provision which recognizes the tolling of an action during the period in which a litigant pursues a related but independent cause of action would serve to permit the plaintiff to await the outcome of his state court appeal before commencing an action on a § 1983 claim in either state or federal court. *Tomanio,* 446 U.S. at 486, 487, 100 S.Ct. at 1796, 1796.

Plaintiff cites no tolling provision which permits a litigant to pursue claims in succession, rather than concurrently, and thereby circumvent the effect of the statute of limitations. As noted, this Court has concurrent jurisdiction with federal courts over § 1983 actions. *Maine v. Thiboutot, supra.* The plaintiff was originally free to pursue his § 1983 action in this Court along with his appeal from the decision of the Personnel Commission, or possibly, file and obtain a stay of a § 1983 action in federal court during the pendency of the appeal. The plaintiff is not free to bring a claim now after the expiration of the statute of limitations in the absence of any state tolling provision.

Defendant's motion to dismiss is, accordingly, granted.

As the plaintiff's § 1983 action is barred by 10 *Del.C.* § 8119, it is only necessary to address the issue of attorney's fees and costs.

In *Maine v. Thiboutot, supra,* the Court held that the award of attorney's fees authorized by 42 U.S.C. § 1988 "is part of the § 1983 remedy whether the action is brought in federal or state court." *Id.,* 448 U.S. at 11, 100 S.Ct. at 2508. The relevant portion of section 1988 provides:

> In any civil action or proceeding to enforce a provision of [Section 1983] ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of costs.

42 U.S.C. § 1988.

A question is raised in this case as to whether a party succeeding on a motion to dismiss is a "prevailing party" within the meaning of § 1988. The defendant has offered no authority in support of its request for attorney's fees in this context. Nor has the Court been persuaded as to why it should exercise its discretion in favor of the defendant to allow attorney's fees in this case.

In light of these questions, the Court declines to rule on the issue of attorney's fees as part of costs. This does not deny the defendant the right to make a limited supplemental filing on the issue of attorney's fees as part of costs, pursuant to the Court's decision within 30 days of the date of this opinion.

IT IS SO ORDERED.