IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOHN KMETZ, §
§ No. 11, 2017
    Plaintiff-Below, §
    Appellant, § Court Below: Superior Court of the
§ State of Delaware
    v. §
§ C.A. No. N16C-04-249 DCS
AMERICAN ASSOCIATION OF §
UNIVERSITY PROFESSORS, and §
A.A.U.P.-CBC-DELAWARE §
CHAPTER, §
§
    Defendants-Below, §
    Appellees. §

Submitted: September 13, 2017
Decided: September 27, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 27th day of September, 2017, having considered the briefs and the record below, it appears to the Court that:

(1)    John Kmetz, a professor at the University of Delaware, was denied a promotion to full professor. The American Association of University Professors ("AAUP") refused to file a grievance on his behalf. Three years later, Kmetz filed a complaint against the AAUP and its Delaware Chapter in Superior Court alleging three claims: (1) breach of the implied covenant of good faith and fair dealing, (2) breach of fiduciary duty, and (3) breach of contract. The Superior Court dismissed

Kmetz's claims because they were essentially a claim for a breach of the duty of fair representation, which is within the jurisdiction of the Public Employee Relations Board ("PERB"). Because Kmetz did not exhaust his administrative remedies before PERB, the Superior Court lacked jurisdiction to hear his claims. We agree with the Superior Court and affirm its decision.

(2) John Kmetz was an assistant professor at the University of Delaware from 1977 until his retirement in 2014. Kmetz applied for promotion to full professor in 2012. The Faculty Senate Committee reviewed Kmetz's application and recommended his promotion. The interim provost declined to follow the committee's recommendation and denied Kmetz's application on February 28, 2013. Kmetz appealed the decision to the provost on March 15, 2013 and was again denied.

(3) Kmetz requested the Delaware Chapter of the AAUP file a Step 3 Grievance against the University. In a Step 3 Grievance, the AAUP represents the employee in a full hearing before the provost and two faculty members. The AAUP has discretion to bring a Step 3 Grievance under the collective bargaining agreement between the AAUP and the University. On May 15, 2013, the AAUP formally declined to file the grievance.

(4) On April 27, 2016, Kmetz filed a complaint in Superior Court against the AAUP,[1] alleging three claims: (1) breach of the implied covenant of good faith and fair dealing, (2) breach of fiduciary duty, and (3) breach of contract. The Delaware Chapter of the AAUP filed a motion to dismiss, and the National AAUP filed a motion for judgment on the pleadings.

(5) The Superior Court dismissed the claims against both defendants, finding they were encompassed in a claim for a breach of the duty of fair representation.[2] Because the Public Employment Relations Act ("PERA") grants PERB jurisdiction in the first instance over a claim of unfair representation, the Superior Court determined it did not have jurisdiction to hear Kmetz's claims.[3]

(6) Kmetz appeals the Superior Court's holding that his claims are essentially a claim for a breach of the duty of fair representation, and therefore must have been pursued through PERB in the first instance. This Court reviews a motion to dismiss and a motion for judgment on the pleadings *de novo*.[4]

---

[1] Kmetz's first complaint named the AAUP as a single defendant but identified it as both the national organization and the Delaware Chapter within the complaint. He later amended the complaint on August 23, 2016 to name the Delaware Chapter specifically as a separate defendant.

[2] *Kmetz v. Am. Ass'n of Univ. Professors*, No. N16C-04-249, at 24-25 (Del. Super. Ct. Dec. 9, 2016) (TRANSCRIPT).

[3] Kmetz is unable to bring the claim before PERB because the statute of limitations has expired. *See* 19 *Del. C.* § 1308(a) ("[N]o complaint shall issue based on any unfair labor practice occurring more than 180 days prior to the filing of the charge with the Board.").

[4] The Superior Court must read the complaint generously, accept all of the well-pleaded allegations as true, and draw all reasonable inferences in favor of the non-moving party. *Savor, Inc. v. FMR*

(7) PERA grants Kmetz the right to be "represented by [his] exclusive representative, if any, without discrimination."[5] This duty of fair representation includes "the resolution of workplace grievances."[6] When an employee has a right to pursue a grievance, "the State's interference with this right, and its refusal or failure to allow him to do so, may constitute an unfair labor practice" under PERA.[7]

(8) Kmetz argues that just as "[t]he presence of a federal question does not necessarily create a federal case,"[8] the presence of an issue relating to a union–member relationship "does not automatically . . . require the matter to be brought administratively."[9] In Kmetz's case, however, the unfair representation claim is not present in addition to his other claims, but rather "essentially incorporates" them.[10]

(9) First, Kmetz claims the AAUP breached its duty of good faith by failing to represent him. The test for unfair representation "is essentially one of good faith."[11] Thus, Kmetz's claim merely restates the unfair representation analysis.

---

*Corp.*, 812 A.2d 894, 897 (Del. 2002). Dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances. *Id.*

[5] 19 *Del. C.* § 1303(4).

[6] *Bd. of Educ. of Colonial Sch. Dist. v. Colonial Educ. Ass'n*, 1996 WL 104231, at *7 (Del. Ch. Feb. 28, 1996), *aff'd*, 685 A.2d 361 (Del. 1996).

[7] *Morozowich v. Windsor*, 2001 WL 660109, at *3 (Del. Super. Ct. Mar. 30, 2001). It is an unfair labor practice to "interfere with, restrain, or coerce any employee in or because of any right guaranteed under this chapter" and to "[h]inder or prevent, by threats, force or coercion of any kind the pursuit of any lawful work or employment by any person." 19 *Del. C.* § 1307(b)(1), (6).

[8] *E. Shore Nat. Gas Co. v. Stauffer Chem. Co.*, 298 A.2d 322, 326 (Del. 1972).

[9] Opening Br. at 15.

[10] *Kmetz*, No. N16C-04-249, at 24 (TRANSCRIPT).

[11] *Issa v. Am. Ass'n of Univ. Professors, Del. State Univ. Chapter*, 2013 WL 4806470, at *9 (Del. Pub. Emp. Relations Bd. Aug. 26, 2013).

Second, Kmetz claims the AAUP breached its fiduciary duty; however, this duty is directly derived from his right to representation under PERA.[12] Lastly, Kmetz claims the AAUP breached the collective bargaining agreement by refusing to represent him.[13] Because the AAUP has discretion to file a Step 3 Grievance under the agreement, the only cause of action to challenge the decision is through an unfair representation claim, which determines whether a refusal was arbitrary, irrational, or in bad faith.[14] Therefore all three claims are simply a relabeled unfair representation claim.[15]

(10) The United States Supreme Court addressed the "relabeling" of claims in *Livadas v. Bradshaw*.[16] The Court explained that the preemption rule prevents the "'relabeling' as tort suits actions simply alleging breaches of duties assumed in collective-bargaining agreements."[17] Similarly, Kmetz cannot avoid PERB and its statute of limitations by relabeling a PERA unfair representation claim as three common law claims.

---

[12] *See Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 74 (1991) ("The duty of fair representation is thus akin to the duty owed by other fiduciaries to their beneficiaries.").

[13] Regardless of whether the court has jurisdiction, Kmetz was not a party to the collective bargaining agreement and thus has no standing to challenge it. *Colbert v. Goodville Mut. Cas. Co.*, 2010 WL 2636860, at *3 (Del. Super. Ct. June 30, 2010) (explaining only parties to a contract have standing to sue for breach); *Linton v. United Parcel Serv.*, 15 F.3d 1365, 1370 (6th Cir. 1994) (finding individual employees are not parties to a collective bargaining agreement).

[14] *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

[15] 19 *Del. C.* § 1306.

[16] 512 U.S. 107, 123 (1994).

[17] *Id.*

(11)  Alternatively, Kmetz argues that PERA does not expressly state that PERB's jurisdiction is exclusive.  However, a party is required to exhaust all available administrative remedies before bringing a claim before the Superior Court.[18]  Exhaustion is required when "the remedy available at the administrative level [is] substantially equivalent to that sought in a judicial forum."[19]  Kmetz's claims are substantially equivalent to an unfair representation claim under the jurisdiction of PERB.[20]  Because Kmetz did not bring his claim to PERB, he failed to exhaust his administrative remedies.  Therefore, the Superior Court does not have jurisdiction to hear his claims.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[18] *Levinson v. Del. Comp. Rating Bureau, Inc.*, 616 A.2d 1182, 1187 (Del. 1992) ("Delaware has adopted the doctrine of exhaustion of administrative remedies.").

[19] *Id.* at 1188.  *See Marker v. Talley*, 502 A.2d 972, 977 (Del. Super. Ct. 1985) (explaining that a plaintiff who failed to exhaust his administrative remedies "is not free to bring a claim now after the expiration of the statute of limitations in the absence of any state tolling provision").

[20] *Morozowich*, 2001 WL 660109, at *3.