# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAURA GILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N22M-02-006 EMD |
| | ) | |
| TOWN OF ELSMERE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted:  September 22, 2022
Decided: December 20, 2022

*Upon Defendant Town of Elsmere's Motion to Dismiss*
***GRANTED with leave to amend***

Kate Butler, Esquire, Kate Butler Law LLC, Wilmington, Delaware.  *Attorney for Plaintiff Laura Giles.*

Scott G. Wilcox, Esquire, Moore and Rutt, P.A., Wilmington, Delaware.  *Attorney for Defendant Town of Elsmere.*

**DAVIS, J.**

## I.      INTRODUCTION

This is a civil action seeking a writ of mandamus and damages regarding a pension plan.[1] Plaintiff Laura Giles ("Chief Giles") submitted a Petition for Writ of Mandamus and a Civil Complaint (the "Complaint").  The Complaint asks the Court to issue a writ of mandamus requiring the Defendant Town of Elsmere ("Elsmere") to allow Chief Giles to participate in the State of Delaware's County and Municipal Police and Fire Pension Plan ("State Pension Plan"). In addition, the Complaint seeks that the admission into the State Pension Plan be retroactive to

---

[1] Plaintiff's Petition for Writ of Mandamus and Civil Complaint (hereinafter "Compl.") ¶¶ 63, 65, 69, 73.

Chief Giles' date of hire.[2]  On April 1, 2022, Elsmere filed Defendant Town of Elsmere's

Motion to Dismiss (the "Motion").[3]  The Motion seeks dismissal of all counts of the Complaint.

For the reasons stated below, the Court will **GRANT** the Motion with respect to Chief

Giles' Petition for Writ of Mandamus.  In addition, the Court will **GRANT** the Motion as to

Count I (Breach of the Implied Covenant of Good Faith) and Counts II, III, IV, and V-

Violations of Constitutional Rights.  The Court will allow Chief Giles the opportunity to amend

the Complaint and attempt to plead the continuing tort theory raised at the hearing on the

Motion.

## II.      RELEVANT FACTS

Chief Giles began her career as an Elsmere police officer on November 10, 1986.[4]  Chief

Giles is the "first female police officer and the only female police officer certified by the State of

Delaware's Council on Police Training to have ever served as a police officer for the Town of

Elsmere Police Department."[5]  Chief Giles retired from being an Elsmere police officer in 2006.[6]

Because Chief Giles served as an Elsmere police officer for twenty years, Chief Giles began

receiving benefits under the then applicable Elsmere Police Pension Plan (the "Elsmere Pension

Plan").[7]

Chief Giles was appointed as Chief of Police for Elsmere on or about April 25, 2011.[8]

Chief Giles is currently the Chief of Police for Elsmere.[9]  On June 30, 2011, the Elsmere Pension

---

[2] *Id.* ¶ 4.
[3] Defendant Town of Elsmere's Motion to Dismiss (hereinafter "Mot.").
[4] Compl. ¶ 7.
[5] *Id.* ¶ 5.
[6] *Id.* ¶ 7.
[7] *Id.* ¶ 8.
[8] *Id.* ¶ 21.
[9] *Id.*

Plan was closed to new members.[10] Elsmere adopted two pension plans: (1) the Elsmere Police Secondary Pension Plan ("Secondary Pension Plan"), and (2) the State Pension Plan.[11]

During a town meeting in 2011, David Craig, a member of the State Office of Pension, informed Chief Giles that she was not eligible for the State Pension Plan.[12] At a town meeting in February 2018, Chief Giles asked about her ability to enroll in the State Pension Plan.[13] Chief Giles was informed by Mr. Craig that the decision to enroll in the State Pension Plan was between her and Elsmere.[14]

In 2020, Chief Giles was reviewing the Town of Elsmere Charter and discovered Article VII, Section 702(2)(i).[15] Section 702(2)(i) of the Town of Elsmere Charter provides, "The Chief of Police shall be entitled to and shall receive all of the benefits given to all sworn police personnel including police pension."[16] Mr. Giles, Chief Giles' husband, is the current Town Manager for Elsmere and former Chief of Police for Elsmere.[17] Chief Giles decided against contacting her husband, Mr. Giles, for advice "[o]ut of a desire not to appear as though she was seeking improper benefit by virtue of her marriage to the Town Manager."[18]

Chief Giles contacted Tim Snyder ("Mr. Snyder"), the attorney representing the State Pension Plan, for a legal opinion.[19] Mr. Snyder contacted Jim McMackin ("Mr. McMackin"), the attorney for Elsmere.[20] On March 1, 2021, Mr. McMackin sent a letter to Chief Giles explaining that she was ineligible for the State Pension Plan for the following reasons: (i) Chief

---

[10] *Id.* ¶ 10.
[11] *Id.*
[12] *Id.* ¶ 28.
[13] *Id.* ¶ 37.
[14] *Id.* ¶ 38.
[15] *Id.* ¶ 46.
[16] *Id.* (citing Town of Elsmere Charter, Article VII, Section 702(2)(i)).
[17] *Id.* ¶¶ 14, 47.
[18] *Id.* ¶ 47.
[19] *Id.* ¶ 48.
[20] *Id.*

Giles accepted employment after being informed she could not enroll in a new pension plan; (ii) Chief Giles was already vested in the Elsmere Pension Plan in 2011; (iii) Elsmere and Chief Giles have been paying social security since 2011; and (iv) Chief Giles had not been paying into the pension plan since 2011.[21]

On July 2, 2021, Chief Giles filed a Charge of Discrimination against Elsmere.[22] Chief Giles alleged that she was consistently denied entry into the State Pension Plan based on her sex.[23] On September 25, 2021, Elsmere filed a Position Statement, where it denied all allegations of discrimination.[24] On November 5, 2021, the Equal Employment Opportunity Commission issued a right to sue.[25]

On February 3, 2022, Chief Giles filed the Complaint.[26] Chief Giles requests a Writ of Mandamus to order Elsmere to enter Chief Giles into the State Pension Plan.[27] Chief Giles also asserts the following civil claims:

Count I. Breach of the Implied Covenant of Good Faith,

Count II. Violation of the Delaware Constitution Article I, Section IX, and the Fifth and Fourteenth Amendments of the United States Constitution (Property Interest),

Count III. Violation of the Delaware Constitution Article I, Section IX, and the Fifth and Fourteenth Amendments of the United States Constitution (Due Process),

Count IV. Violation of the Delaware Constitution Article I, Section XXI, and the Fourteenth Amendment of the United States Constitution (Equal Protection), and

Count V. Violation of Delaware Constitution Article XV, Sections IV and X (Emoluments of Office and Prohibition on Disqualification on the Basis of Sex).[28]

---

[21] *Id.* ¶ 51.
[22] *Id.* ¶ 54.
[23] *Id.*
[24] *Id.* ¶ 55.
[25] *Id.* ¶ 56.
[26] *Id.*
[27] *Id.* ¶ 60.
[28] *Id.* ¶¶ 63, 67, 70, 74, 78.

On April 1, 2022, Elsmere filed this Motion.[29] On April 29, 2022, Chief Giles filed a Response in Opposition to Defendant Town of Elsmere's Motion to Dismiss the Complaint under Civil Rule 12(b)(6) (the "Opposition").[30] The Court held a hearing on the Motion and the Opposition on September 22, 2022. At the conclusion of the hearing, the Court took the Motion under advisement.

### III. PARTIES' CONTENTIONS

#### A. THE MOTION

Elsmere moves to dismiss the petition for Chief Giles' Writ of Mandamus and all civil claims within the Complaint.[31] First, Elsmere argues that the Writ of Mandamus is barred by the statute of limitations.[32] Elsmere contends that because Chief Giles seeks to have her claim applied retroactively to the date of her hire, the claim arose on April 25, 2011.[33] Elsmere contends that the retroactive application is evidence that the claim is time barred.[34] Elsmere also argues that a writ of mandamus is inapplicable, because the duty to enroll in a pension plan is discretionary.[35] Second, Elsmere argues that Chief Giles' claim for breach of the implied covenant of good faith claim is time barred.[36] Elsmere contends that even if the claim was not time barred, Chief Giles has failed to prove fraud, deceit, or misrepresentation to establish a breach of the implied covenant of good faith.[37] Third, Elsmere argues that Chief Giles' claims

---

[29] Mot.
[30] Response in Opposition to Defendant Elsmere's Motion to Dismiss the Complaint under Superior Court Civ. R. 12(b)(6) (hereinafter "Opp.").
[31] Mot.
[32] *Id.* ¶ 5.
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] *Id.* ¶ 10.
[37] *Id.* ¶ 11.

5

for violations of constitutional rights are without merit and time barred by the two-year statute of limitations for personal injuries.[38]

## B. THE OPPOSITION

Chief Giles asserts that she properly pled the causes of action alleged in the Complaint and that her claims are not barred by the statute of limitations.[39] Chief Giles argues that when she was appointed as Chief of Police for Elsmere in 2011, she was wrongfully deemed ineligible to join the State Pension Plan.[40] Chief Giles contends that Elsmere's "material misrepresentation" and "failure to correct" was a breach of Elsmere's duty of the implied covenant of good faith and fair dealing as her employer.[41] Chief Giles claims that Elsmere's breach of duty resulted in violations of Chief Giles' state and federal constitutional rights.[42]

## IV. STANDARD OF REVIEW

The standard of review upon a motion to dismiss under Civil Rule 12(b)(6) allows for a broad test of sufficiency.[43] The test asks "whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[44] When viewing a motion to dismiss, the Court (i) accepts all well pleaded factual allegations as true, (ii) accept even vague allegations as "well pleaded" as long as the opposing party is put on notice, (iii) draw all reasonable inferences in favor of the non-moving party, and (iv) only dismiss if the plaintiff would not be entitled to recover under any reasonable circumstances.[45] However, the Court must "ignore conclusory allegations that lack specific supporting factual allegations."[46]

---

[38] *Id.* ¶ 14.
[39] *Opp.* ¶¶ 8, 13, 25.
[40] Compl. ¶¶ 1, 3.
[41] *Opp.* ¶ 13.
[42] *Id.*
[43] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[44] *Id.*
[45] *See Central Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531. 535 (Del. 2011)
[46] *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998).

6

## V.    DISCUSSION

Chief Giles has statute of limitations problems.  The Court notes that the Complaint seeks damages and relief related to conduct that occurred as early as April 25, 2011.  On April 25, 2011, Chief Giles took on the new position of Chief of Police for Elsmere.  The, on June 30, 2011, the Elsmere Pension Plan was closed.  Town meetings in 2011 and 2018 involved issues relating to enrollment in the State Pension Plan.  Chief Giles did not undertake any independent inquiry as to the State Pension Plan until 2020.  Chief Giles did not file the Complaint until February 3, 2022.   The Complaint, however, fails to allege any facts that would give rise to tolling or alike.

As pled, the Court must dismiss certain of Chief Giles' claims on just statute of limitations grounds.  Chief Giles made arguments during the September hearing that might support a continuing tort and/or relief that is not retroactive to 2011.  For the reasons set forth below, the Court will grant the Motion, but the Court will also grant leave to amend the Complaint to allow Chief Giles to restate claims.

### A. WRIT OF MANDAMUS

A writ of mandamus is "appropriate only where the plaintiff is able to establish a clear legal right to the performance of a non-discretionary duty."[47]  The writ is only granted when the right which is sought to protect is clearly established.[48]  A writ of mandamus is not granted if the right is doubtful, or the duty is discretionary.[49]  For a duty to be ministerial, it "must be

---

[47] *Remedio v. City of Newark*, 337 A.2d 317, 318 (Del. 1975) (citing *McCoy v. State ex rel. Allee*, Del Ct. Err. & App., 36 A. 81 (1897)).
[48] *Darby v. New Castle Gunning Bedford Ed. Ass'n*, 336 A.2d 209, 211 (Del. 1975) (citing *McCoy*, 26 A. 81 (1897)).
[49] *Id.*

prescribed with such precision and certainty that nothing is left to discretion or judgment."[50]

Under 10 Del. C. §8106, a three-year statute of limitation is placed on a cause of action based on a statute.[51] A claim involving the initial right to receive pension may be barred by the statute of limitations.[52] However, once the right to receive a pension is established, the right to receive each installment is a continuing right.[53]

Chief Giles argues Elsmere failed to exercise its non-discretionary duty to enter Chief Giles into the State Pension Plan.[54] In July 2011, the mayor and city council of Elsmere enacted an "opt-out" provision for beneficiaries of the Elsmere Pension Plan.[55] The opt-out provision would allow beneficiaries to participate in the Secondary Pension Plan.[56] The Secondary Pension Plan allowed participants to bridge the gap between the Elsmere Pension Plan and the State Pension Plan until the police officer became vested and qualified for the State Pension Plan.[57]

Elsmere argues that Chief Giles' Petition for Writ of Mandamus is barred due to the statute of limitations.[58] Elsmere contends that because Chief Giles is seeking to have the writ applied retroactively to the date of her hire, her claim arose on April 25, 2011.[59] Elsmere argues that it should follow that the right to a claim expired on April 25, 2014.[60]

The Court finds that the statute of limitations has run for Chief Giles' Petition for Writ of Mandamus—as presently pled. While Chief Giles may have a right to join the State Pension

---

[50] *Darby*, 336 A.2d 209, 211 (Del. 1975) (internal citation omitted).
[51] 10 Del.C. §§ 8106, 8106(a).
[52] *Williams v. Levine*, 1977 WL 185713, at *1 (Del. 1977) (citing *Dillon v. Board of Pension Commissioners*, 116 P.2d 37 (Cal. Supr. 1941)).
[53] *Id.*
[54] Compl. ¶¶ 4, 59.
[55] *Id.* ¶ 26.
[56] *Id.*
[57] *Id.* ¶ 27.
[58] Mot. ¶ 5.
[59] *Id.*
[60] *Id.*

8

Plan, the Complaint alleges that right began on April 25, 2011. Because the statute of limitations is three years for a cause of action based on a statute, Chief Giles needed to seek the initial right to the State Pension Plan by April 25, 2014. Chief Giles did not bring this claim until February 2022. In addition, Chief Giles has not plead any facts that support tolling of the three-year period. Accordingly, the Court **GRANTS** the Motion as to the Petition for Writ of Mandamus seeking retroactive relief back to April 25, 2011.

## B. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH

Every contract in Delaware has an implied obligation of good faith and fair dealing.[61] In a claim for breach of the implied covenant of good faith, the Court must "extrapolate the spirit of the agreement through the express terms and determine the terms that the parties would have bargained for to govern the dispute had they foreseen the circumstances under which their dispute arose."[62] However, the Court will not imply a contractual obligation where the contract expressly addresses the issue of the alleged wrong.[63] Ultimately, "to state a claim for breach of an implied covenant of good faith and fair dealing, the Plaintiffs must identify a specific implied contractual obligation."[64] To constitute a breach of the implied covenant of good faith, the employee must prove the employer acted with "fraud, deceit, or misrepresentation."[65] A claim for breach of the implied covenant of good faith has a three-year statute of limitations.[66]

---

[61] *Kelly v. McKesson HBOC, Inc.*, 2002 WL 88939, *10 (Del. Super. 2002) (citing *Chamison v. Healthtrust, Inc.*, 735 A.2d 912, 920 (Del. Ch. 1999)).
[62] *Id.*
[63] *Id.* (internal citations omitted).
[64] *Id.* (internal citations omitted).
[65] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 101 (Del. 1992) (citing *Magnan v. Anaconda Industries, Inc.*, 429 A.2d 492, 494 (Conn. Super. 1980)).
[66] *Schuster v. Derocili*, 775 A.2d 1029, 1034 (Del. 2001) (citing *Ayres v. Jacobs & Crumplar, P.A.*, 1996 WL 769331 (Dec. 31, 1996)).

In the Complaint, Chief Giles asserts a claim for breach of the implied covenant of good faith and fair dealing against Elsmere.[67] Chief Giles argues Elsmere violated its duty by not correcting the assertion that Chief Giles could not join the State Pension Plan.[68] Chief Giles contends that she was never asked to waive her right to participate in any current or future pension plans.[69] Chief Giles claims that the first time she was informed that she could not join the State Pension Plan was by David Craig at a town meeting in 2011.[70] Chief Giles maintains that Mr. Craig, a member of the State Office of Pension, was acting with apparent authority to bind Elsmere to Mr. Craig's representation.[71] Chief Giles contends she detrimentally relied on this misrepresentation from Mr. Craig and Elsmere had the "affirmative duty to correct the false assertion."[72] However, Chief Giles fails to allege that Elsmere or Mr. Craig impeded Chief Giles from seeking advice from a third-party on whether she had a right to join the State Pension Plan.

Elsmere asserts that Chief Giles claim for a breach of the implied covenant of good faith is barred by the statute of limitations.[73] Elsmere argues the employment relationship between Elsmere and Chief Giles began on April 25, 2011.[74] Elsmere contends any claim for breach of the implied covenant of good faith as it relates to the State Pension Plan should have been filed by April 25, 2014.[75]

Elsmere also contends that Chief Giles has failed to state a claim that she entered her position as Chief of Police under fraud, deceit, or misrepresentation.[76] Elsmere notes that Chief Giles accepted employment under the condition that she would not join a second retirement

---

[67] Compl. ¶ 63.
[68] *Id.* ¶¶ 29, 30.
[69] *Id.* ¶ 22.
[70] *Id.* ¶ 28.
[71] *Id.* ¶ 29.
[72] *Id.* ¶ 30.
[73] Mot. ¶ 10.
[74] *Id.*
[75] *Id.*
[76] *Id.* ¶ 12.

10

plan.[77]  Also, Elsmere passed a resolution authorizing entry into the State Pension Plan in June 2011.[78]  Elsmere argues that Chief Giles could not have been misled about her eligibility for the State Pension Plan, because Elsmere had not yet approved entry into the plan when she was hired in April 2011.[79]

As pled, the statute of limitations bars Chief Giles' claim for a breach of the implied covenant of good faith.  This Court also finds that Chief Giles fails to allege that Elsmere acted with fraud, deceit, or misrepresentation when she entered her position as Chief of Police.  Any confusion that Chief Giles may have experienced regarding the ability to enroll in a different pension plan is not evidence of misrepresentation.  Chief Giles has not asserted a specific contractual duty where the implied covenant of good faith can be interpreted.  Therefore, the Court **GRANTS** the Motion as to Count I.

## C. VIOLATIONS OF CONSTITUTIONAL RIGHTS

Chief Giles realleges and relies upon the same facts to support her claims for Counts II, III, IV, and V.[80]

### 1. Count II—Violation of the Delaware Constitution Article I, Section 9, and the Fifth and Fourteenth Amendments of the United States Constitution (Property Interest)

Article I, Section 9, of the Delaware Constitution, provides that courts must be open to remedy injury to persons or possessions without unreasonable delay or expense.[81]  This section also provides that suits may be brought against the State.[82]

Property interests are not created by the Constitution.[83]  Instead, property interests "are created and their dimensions are defined by existing rules or understandings that stem from an

---

[77] *Id.*
[78] *Id.* ¶ 15.
[79] *Id.*
[80] Compl. ¶¶ 61-80.
[81] Del. Const. art. 1, § 9.
[82] *Id.*

11

independent source such as state law."[84]  Delaware has a two-year statute of limitations for personal injury actions, which include civil rights actions.[85]  Further, "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it."[86]  The plaintiff must have actual entitlement to the benefit.[87]

Chief Giles claims that she has been deprived of her constitutionally protected property interest under the Delaware Constitution and the United States Constitution.[88]  Chief Giles asserts that the pension plan is one of the "material terms of compensation for her employment as Chief of Police for the Town of Elsmere since April 2011."[89]  Chief Giles also argues that she first became aware of the "misrepresentations upon which she had acted in reliance" in 2020 when she discovered Article VII, Section 702(2)(i)), of the Town of Elsmere Charter.[90]

Elsmere counters, contending that Chief Giles' claims for constitutional violations are time barred by Delaware's two-year statute of limitations.[91]  Elsmere also contends that Chief Giles' claims for constitutional violations fail to state claims.[92]  Elsmere claims that the constitutional provisions which Chief Giles relies on are irrelevant to her claim for eligibility for the State Pension Plan.[93]  Finally, Elsmere argues that entry into the pension plan could not have been a "material term" of her employment in April 2011, because Elsmere did not join the State Pension Plan until after her date of hire.[94]

---

[83] *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).
[84] *Id.*
[85] 10 Del. C. § 8119; *see Marker v. Talley*, 502 A.2d 972, 975-76 (Del. Super. 1985).
[86] *Id.*
[87] *Id.*
[88] Compl. ¶ 65.
[89] *Id.*
[90] *Id.* ¶ 46.
[91] Mot. ¶ 14.
[92] *Id.* ¶ 15.
[93] *Id.* ¶¶ 18-20.
[94] *Id.* ¶ 16.

The Court finds that Chief Giles' claim for property interest is time barred by the statute of limitations. Adhering to Delaware's two-year statute of limitations for personal injury actions, Chief Giles' "actual entitlement" to the benefit of entry into the pension plan ended on April 25, 2013. Even though Chief Giles claims that she first became aware of Article VII, Section 702(2)(i), of the Town of Elsmere Charter in 2020, Chief Giles *first* became aware in 2011 at a town meeting that she would not be able to join the State Pension Plan. As such, a cause of action for property interest accrued in 2011 and expired in 2013.

2. **Counts III and IV—Violations of the Delaware Constitution Article I, Sections 9 and 21, and the Fifth and Fourteenth Amendments of the United States Constitution (Due Process and Equal Protection)**

The Due Process clause prevents government officials from abusing their power by oppressing others.[95] To decide whether a substantive due process was violated, the court must decide if the government action "shocks the conscience."[96] Substantive due process analysis includes an inquiry as to whether an asserted right "has any place in our Nation's traditions."[97]

The Equal Protection clause provides that no state "shall deny to persons within its jurisdiction the equal protection of the laws."[98] To establish a claim for a violation of equal protection rights, a plaintiff must show (1) they are a member of a protected class; (2) they were treated differently from a similarly situated person who is not a member of that class; and (3) the difference in treatment was due to their race, gender or membership in that protected class.[99]

---

[95] *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).
[96] *Id.* at 847.
[97] *Washington v. Glucksberg*, 521 U.S. 702, 722 (1997).
[98] U.S. Const. amend. XIV.
[99] *See Bradley v. U.S.*, 299 F.3d 197 (3d Cir.2002)

Chief Giles seeks to enforce her property interest rights under the fundamental notions of due process and equal protection.[100] Elsmere asserts that Chief Giles' claims are without merit and are barred by the running of the statute of limitations.[101]

This Court finds that Chief Giles has not provided any reasonably conceivable set of circumstances that support her contention that Elsmere violated her constitutional right to due process or equal protection. Chief Giles does not provide any set of facts that would lead this Court to find that Elsmere's conduct shocks the conscious. Further, Chief Giles does not provide any evidence to suggest that she was treated differently than every other Elsmere employee. The Complaint sets out a scenario where, in 2011, every Elsmere employee was given the same information about the pension plans and could choose how to proceed with their preferred plan.

### 3. Count V—Violation of Delaware Constitution Article XV, Sections 4 and 10 (Emoluments of Office and Prohibition on Disqualification Based on Sex)

Article XV, Section 4, of the Delaware Constitution prohibits the adoption of a law that would diminish the salary or emoluments of a public officer after their election or appointment.[102] Article XV, Section 10, of the Delaware Constitution states, "No citizen of the State of Delaware shall be disqualified to hold and enjoy any office, or public trust, under the laws of this State, by reason of sex."[103]

Chief Giles claims that Elsmere deprived her of entry into the pension plan because of her sex.[104] Chief Giles asserts that she has been "intentionally paid less than a similarly situated male employee based on an assumption that [Elsmere] would be 'saving money' by hiring a

---

[100] Opp. ¶ 25.
[101] *Id.* n.1.
[102] Del. Const. art. 15, § 4.
[103] Del. Const. art. 15, § 10.
[104] Compl. ¶¶ 76-80.

woman as Chief of Police who happened to be married to the Town Manager."[105] Further, Chief Giles claims that she experienced "shame and humiliation" after realizing that she had been deprived of entry into the pension plan "by virtue of the fact she was a woman… ."[106]

Elsmere asserts that Article XV, Sections 4 and 10, of the Delaware Constitution do not apply to Chief Giles' claim of gender discrimination.[107] Elsmere contends that Article XV, Section 4, cannot apply here, as Chief Giles is not a public officer, nor was a law passed that diminished her salary or emoluments.[108] Elsmere also argues that Article XV, Section 10, cannot apply here, as she has presented no facts to support her claim that she was deprived of entry into the pension plan due to her sex.[109]

This Court agrees with Elsmere. The Court finds that Chief Giles does not allege fact that support a reasonably conceivable set of circumstances that Elsmere discriminated against her by reason of sex. The Court notes that Chief Giles is female, but Chief Giles does not allege facts that support her claim that Elsmere purposefully discriminated based on sex. Chief Giles' assumption that she was deprived of entry into a pension plan because she is a woman is not sufficient to support a finding that Elsmere disqualified her from joining the pension plan for being a woman.

## VI.    CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion. However, the Court will grant Chief Giles leave to amend the Complaint. As plead, Chief Giles was on notice of potential claims as early as 2011. Chief Giles has not plead any facts that support any tolling of applicable statutes of limitation. At the hearing, Chief Giles made an argument regarding

---

[105] *Id.* ¶ 42.
[106] *Id.* ¶ 44.
[107] *Id.* ¶¶ 19-20.
[108] *Id.* ¶ 19.
[109] *Id.* ¶ 20.

continuing torts and/or petitioning for mandamus as to a present right to join the State Pension

Plan. The Court will allow Chief Giles twenty (20) days to amend the Complaint to assert claims

as argued at the hearing but not previously pled.

**IT IS SO ORDERED**

Dated: December 20, 2022
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:      File&ServeExpress